### KING v. LONG ISLAND R. CO.

### THE SILVER KING.

### No. 9609.

District Court, E. D. New York.
Oct. 6, 1930.

William F. Purdy, of New York City, for libelant.

Burlingham, Veeder, Fearey, Clark & Hupper, of New York City, for respondent.

GALSTON, District Judge.

To the supplemental report of the Commissioner, the respondent files three exceptions.

In the matter of detention damage, the Special Commissioner concluded that because the Silver King had been under charter prior to the damage sustained and was put under charter immediately upon the completion of the repairs, there was actual work obtainable for the barge during the detention period. I think that is a non sequitur and, therefore, cannot agree with the Commissioner's reasoning. However, a reading of the record shows that the libelant had a fleet of nine boats, including the Silver King, all of which were continuously employed during the period of detention, and that moreover he himself chartered two additional barges to do work, one from November 28, 1924, to December 10, 1924, and a second from December 13, 1924, to December 26, 1924. It is reasonable to conclude, therefore, that had the Silver King been available during the detention period there would have been work for her to do.

The respondent contends secondly that the Commissioner erred in allowing sixteen days' detention, urging that the time actually consumed in making the repairs was not more than nine days, and that six days were a reasonable time for doing the work. The testimony shows that the barge arrived at the repair yard on December 2d and that the repairs were not begun until the morning of December 8th. Between December 2d and December 8th a Saturday and Sunday intervened, which would reduce the days unaccounted for to five. In the absence of convincing reasons why work was not begun during that period, the allowance of sixteen days was too liberal. It should be reduced to eleven days.

Respondent complains also of the rate of demurrage because the Commissioner made no deduction for the wages of the captain of the barge. I think there is no merit in this exception. The testimony shows that the barge captain had been in the employ of the libelant for seven years. For the brief period during which the repairs were to be made, it was unreasonable to expect the libelant to discharge such an employee. I think the broad view taken in the case of Interlake S. S. Co. v. 251,000 Bushels of No. 2 Mixed Corn (The James H. Hoyt) 18 F.(2d) 291, 1927, A. M. C. 779 (D. C.), should be followed. I therefore approve the rate of $9 per day for a period of eleven days.

As thus modified, the report of the special Commissioner is confirmed. Settle order on notice.