USCA1 Opinion

 

 January 5, 1993 United States Court of Appeals United States Court of Appeals For the First Circuit For the First Circuit ____________________ No. 92-1558 DAMARIS RIVERA-RUIZ, Plaintiff, Appellant, v. LEONARDO GONZALEZ-RIVERA, ETC., ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Gilberto Gierbolini, U.S. District Judge] ___________________ ____________________ Before Torruella and Stahl, Circuit Judges, ______________ and Skinner,* District Judge. ______________ ____________________ Rafael F. Castro-Lang for appellant. _____________________ Vannessa Ramirez, Assistant Solicitor General, Department of _________________ Justice, with whom Anabelle Rodriguez-Rodriguez, Solicitor General, ____________________________ was on brief for appellees. ____________________ ____________________ *Of the District of Massachusetts, sitting by designation. Stahl, Circuit Judge. Appellant Damaris Rivera- _____________ Ruiz ("Rivera") sued appellees pursuant to 42 U.S.C. 1983 and 1985 for alleged violations of her constitutional rights. Specifically, the complaint alleged that appellees demoted and transferred Rivera because of her political affiliation. The district court granted summary judgment to appellees because Rivera failed to "meet the standard for alleging constitutional injury as set forth in Agosto-Feliciano v. ________________ Aponte-Roque, 889 F.2d 1209 (1st Cir. 1989)." Rivera-Ruiz v. ____________ ___________ Leonardo Gonzalez-Rivera, No. 87-1592, slip. op. at 2 (D.P.R. ________________________ April 1, 1992). Because we disagree with the district court's view of Rivera's showing, we reverse the district court's judgment and remand the case for further proceedings. SUMMARY JUDGMENT SUMMARY JUDGMENT ________________ "Summary judgment is only appropriate when . . . `there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law.'" Hoffman v. Reali, 973 F.2d 980, 984 (1st Cir. 1992) _______ _____ (quoting Fed. R. Civ. P. 56(c)). Summary judgments receive plenary review, in which we read the record and indulge all inferences in the light most favorable to the nonmoving party. E.H. Ashley & Co. v. Wells Fargo Alarm Services, 907 _________________ __________________________ F.2d 1274, 1277 (1st Cir. 1990). -2- 2 BACKGROUND BACKGROUND __________ The facts in the light most favorable to Rivera are as follows. Rivera, a member of the New Progressive Party ("NPP"), worked at an agency of Puerto Rico's government Corporacion de Fomento Recreativo since 1971. In that organization, she held the career position of Executive Officer IV since February 1, 1984. In December 1986, appellees, members of the Popular Democratic Party ("PDP") took Rivera's job duties away from her and reassigned them to a member of the PDP. On the 22nd of that month, appellees also reduced her monthly salary from $1,131 to $998. On May 30, 1987, appellees demoted Rivera to Executive Secretary I, which carries a monthly salary of $995. As a result of these actions, Rivera became severely depressed, and on March 27, 1987, she was placed on rest status at the State Insurance Fund. Rivera remained on rest status until the State Insurance Fund declared itself "without jurisdiction because [Rivera's] emotional condition [is] due to political discrimination." Subsequently, Rivera received private psychiatric care. After receiving psychiatric care, Rivera reported back to work, and appellees sent her to the agency's press office where she was assigned minimal duties by a former subordinate. -3- 3 In September 1990, appellees transferred Rivera to a division that did not require her skills as an Executive Secretary. Moreover, at that division, Rivera had no desk, typewriter, or office. Rivera never received a hearing on any of these demotions or transfers. LEGAL ANALYSIS LEGAL ANALYSIS ______________ I. Due Process I. Due Process ___________ The Due Process Clause of the Fourteenth Amendment guarantees public employees with a property interest in continued employment the right to a pre-termination hearing. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 ________________________ __________ (1985). State law determines whether an employee has such an interest. Bishop v. Wood, 426 U.S. 341, 344 (1976). Under ______ ____ Puerto Rico law, a career position is a constitutionally protected property interest. Kaufmann v. Puerto Rico Tel. ________ _________________ Co., 841 F.2d 1169, 1173 (1st Cir. 1988). However, that ___ property right is void if the employee acquired the career position through a violation of the Puerto Rico Personnel Act or agency regulations promulgated under that Act. Id. __ No one disputes that Rivera held a career position. However, appellees contend that her ascension to the Executive Officer IV position entailed two violations of the agency regulations. First, they argue that in October 1979, Rivera was erroneously reclassified from Secretary V to Executive Secretary II. Specifically, they state that she -4- 4 did not perform functions similar to those performed in the Executive Secretary I position for one year as required by the agency regulations. In response, Rivera has offered an affidavit from an Interagency Coordinator of Human Resources for the Municipal Government of San Juan stating that the reclassification was appropriate. She also argues that she worked for more than one year as an Executive Secretary III, a position two levels higher than Executive Secretary I, and that she therefore has satisfied the required one year of experience similar to that of Executive Secretary I. Second, appellees contend that Rivera's promotion from Executive Secretary II to Executive Officer IV was void because she did not have the minimal qualifications for that position. Specifically, they assert that she did not meet the requirement of one year of experience performing functions similar to those of an Executive Officer III. Rivera contends, however, that she did meet that requirement, and the record is unclear on this issue. Thus, there are genuine issues of material fact with respect to whether Rivera's ascension to Executive Officer IV violated the personnel regulations, and the district court should not have granted appellees summary judgment on Rivera's due process claim. -5- 5 II. First Amendment II. First Amendment ____________________ The district court concluded that Rivera's First Amendment claim fails for two reasons. First, it stated that even if Rivera could show that political affiliation was a "motivating factor" in appellees' actions, appellees can show that they would have demoted her regardless of her political affiliation. Rivera-Ruiz, No. 87-1592, slip. op. at 12. ___________ On appeal, appellees concede that Rivera carried her initial burden of a prima facie showing that appellees' conduct was politically motivated. See Kaufmann, 841 F.2d at ___ ________ 1172. She alleged that: (1) she support the NPP, and that appellees were PDP supporters; (2) appellees gave the duties of her former position to a specific PDP supporter; and (3) two other employees in similar situations who were PDP supporters had not been demoted. Appellees argue, however, that they then met their burden of production by offering a legitimate reason for Rivera's demotion: she held the Executive Officer IV position in violation of the personnel regulations. However, as discussed above, it is unclear whether this justification is supported by the record. Indeed, genuine issues of material fact exist with respect to Rivera's qualifications to hold this position. The second reason that the district court rejected Rivera's First Amendment claim was that Rivera failed to meet -6- 6 the standard set out in Agosto-Feliciano v. Aponte-Roque, 889 ________________ ____________ F.2d 1209 (1st Cir. 1989) (holding that actions short of dismissal may violate employee's First Amendment rights, but placing restrictions on when they constitute such violation). We disagree. Simply put, we believe that Rivera's allegations, which have not been demonstrated to be false, could provide a sufficient evidentiary basis for a reasonable factfinder to determine, by clear and convincing evidence, that Rivera's current position is "unreasonably inferior to the norm," as that term is defined in Agosto-Feliciano. See ________________ ___ id at 1218-20; see also Rodriguez-Pinto v. Tirado-Delgado, __ ___ ____ _______________ ______________ No. 92-1648, slip op. at 9-13 (1st Cir. Dec. __, 1992). Moreover, we are of the opinion that Rivera's allegations also are of such a nature that a reasonable factfinder could conclude by a preponderance of the evidence that appellees' actions were motivated by discrimination on the basis of political affiliation. See Agosto-Feliciano, 889 F.2d at ___ ________________ 1220; see also Rodriguez-Pinto, slip op. at 11-13. ___ ____ _______________ Accordingly, we find that the district court should not have granted defendants summary judgment on Rivera's First Amendment claim.1 ____________________ 1. There is some question as to the continuing vitality of Agosto-Feliciano in light of the Supreme Court's ruling in ________________ Rutan v. Republican Party of Illinois, 110 S. Ct. 2729 _____ ______________________________ (1990). See Rodriguez-Pinto, slip op. at 18 (Torruella, J. ___ _______________ concurring). Because we conclude, however, that there exist sufficient genuine and material factual disputes to warrant a trial even under the arguably more stringent standard set -7- 7 III. Qualified Immunity III. Qualified Immunity ________________________ Appellees' suggest that as government officials, they are entitled to qualified immunity. The qualified immunity defense does not rescue appellees in this case. Qualified immunity is an affirmative defense for government officials sued for damages. Domegan v. Fair, 859 _______ ____ F.2d 1059, 1063 (1st Cir. 1988). However, government officials are not entitled to this defense if they violate clearly established rights of which a reasonable government official would have known. Harlow v. Fitzgerald, 457 U.S. ______ __________ 800, 818-19 (1982). Because some portion of appellees' conduct allegedly occurred after Agosto-Feliciano and Rutan were ________________ _____ decided, said conduct, if deemed unconstitutional, would have violated clearly established rights about which appellees should have known. Thus, appellees are not entitled to qualified immunity with respect to those actions.2 ____________________ forth in Agosto-Feliciano, we do not reach this issue. ________________ 2. Of course, appellees remain entitled to qualified immunity with respect to any conduct that occurred prior to the Agosto-Feliciano and Rutan decisions. See Rodriguez- ________________ _____ ___ __________ Pinto, slip. op., at 7 ("prior to our decision in Agosto- _____ _______ Feliciano and the Supreme Court's decision in Rutan v. _________ _____ Republican Party of Illinois, 110 S. Ct. 2729 (1990), it was _____________________________ not clearly established that the constitutional prohibition against politically motivated firings applied to other _______ personnel actions, such as promotions, transfers, demotions, and hirings") (citations omitted) (emphasis original). -8- 8 CONCLUSION CONCLUSION __________ Because genuine issues of material fact exist with respect to Rivera's claims against appellees, we reverse the summary judgment, and remand the case for further proceedings consistent with this opinion. Reversed and remanded. _____________________ -9- 9