Leslie LEVY, as Trustee of
225 Commonwealth Trust,
Plaintiff, Appellee,

v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, et al., Defendants,
Appellees.

Wolf Weinhold, etc., Plaintiff, Appellant.

No. 92–2135.

United States Court of Appeals,
First Circuit.

Heard May 4, 1993.

Decided Oct. 19, 1993.

Thomas N. O'Connor with whom Michael G. Bongiorno and Hale and Dorr, Boston, MA, were on brief for Wolf Weinhold, etc.

Mark P. Szpak with whom William L. Patton, James L. Sigel, Ropes & Gray, Boston, MA, Bruce V. O'Donnell, Managing Atty., Ann S. Duross, Asst. Gen. Counsel, Colleen B. Bombardier, Sr. Counsel, and Barbara S. Woodall, Washington, DC, Counsel, were on brief for FDIC.

Before SELYA, Circuit Judge,
FEINBERG,* Senior Circuit Judge, and STAHL, Circuit Judge.

STAHL, Circuit Judge.

Plaintiff-appellant Wolf Weinhold[1] commenced suit in state court against a bank and its subsidiary for, *inter alia*, breach of a written warranty agreement. The bank counterclaimed, seeking payment from Weinhold of a facially unqualified promissory note and personal guarantee. After the bank failed, the FDIC, in its capacity as receiver, removed the proceedings to federal court, and sought summary enforcement of the note and guarantee. The district court granted the FDIC's motion for summary judgment on the note, and, in the same order, dismissed Weinhold's warranty claims against the bank's subsidiary. We affirm.

## I.

### FACTUAL BACKGROUND AND PRIOR PROCEEDINGS

The corporate affiliations of the relevant parties are complex, so we begin by tracing them in some detail. First American Bank for Savings ("First American"), a federally insured savings bank, owned several subsidiary corporations which were engaged in the development of real estate projects in the Boston area. One such wholly-owned subsidiary, First American Development Corporation IV ("FADC–IV"),[2] formed a joint venture with H & P Associates Limited Partnership II ("H & P"). The joint venture, known as Commonwealth–Marlboro Associates ("CMA"), acquired an apartment building at 225 Commonwealth Avenue ("the property") in Boston, with the intention of converting the property to residential condominiums.[3] CMA hired GVW, Inc. ("GVW"), a wholly-owned subsidiary of H & P, as general contractor for renovation work on the property.

During April 1986, Weinhold and Leslie Levy[4] became interested in buying the property from CMA. To that end, they formed 225 Commonwealth Trust ("the Trust"). On June 30, 1986, Weinhold, on behalf of the Trust, bought the property from CMA. GVW had not yet completed renovations to the property, and under the terms of the purchase and sale agreement between CMA and Weinhold, the work of completing the renovations was left to GVW. Among other terms, the purchase and sale agreement included the following paragraph:

> [CMA] and [GVW] shall enter into a supplementary agreement with [Weinhold] warranting, in favor of [Weinhold]: (a) the construction of the improvements constituting the Project for a period of one (1) year after the Project is [s]ubstantially [c]ompleted, and (b) the structural improvements at the [property] related to the Project for a period of five (5) years after the Project is [s]ubstantially [c]ompleted. The warranties set forth in such side agreement shall survive the Closing Date.

On September 3, 1986, in compliance with this contractual provision, CMA executed a document in which it warranted GVW's work on the property. Because FADC–IV was a joint venturer in CMA, both the purchase and sale agreement and the September 3,

---

* Of the Second Circuit, sitting by designation.

1. Weinhold brought suit in his individual capacity and in his capacity as trustee of 225 Commonwealth Trust (the Trust). References to Weinhold will hereinafter apply to him in both capacities unless otherwise noted.

2. FADC–I through III, and FADC–V through IX were also wholly-owned subsidiaries of First American, and were named as defendants.

Weinhold does not appeal the rulings below as to these parties.

3. CMA also acquired a second apartment building in Boston, which is not at issue in this case.

4. Levy, a party below in her capacity as trustee, is not a party to this appeal.

1986, warranty were executed by officers of FADC–IV.

In addition to purchasing the property from CMA, Weinhold also obtained financing for his purchase of the property through First American, FADC–IV's parent company, borrowing $2.4 million from First American. The loan was evidenced by a promissory note signed by Weinhold in the amount of $2.4 million, and repayment was secured by Weinhold's personal guarantee and by a first mortgage on the property.

Shortly after the sale, disputes arose between Weinhold and GVW regarding the completion of the renovations. As a result, Weinhold terminated GVW as general contractor. In June of 1987, based on GVW's failure to properly complete the required renovations, Weinhold brought suit in Massachusetts's Suffolk County Superior Court against FADC–IV, H & P and GVW alleging, *inter alia*, breach of contract and breach of warranty by all defendants. Foremost among Weinhold's claims was his allegation that the renovations did not comply with relevant zoning provisions.

Weinhold subsequently added First American as a defendant, arguing that FADC–IV was an alter ego of First American. In essence, Weinhold argued that First American was liable for FADC–IV's actions, including FADC–IV's warranty of GVW's renovation work. First American counterclaimed, alleging that Weinhold had failed to make mortgage payments. First American sought payment of the note and enforcement of Weinhold's guarantee.

On October 19, 1990, First American was declared insolvent and the FDIC was appointed receiver. The FDIC removed the case to federal district court, and sought summary judgment on the note and guarantee.

In granting the FDIC's motion for summary judgment, the district court ruled that Weinhold had failed to offer proof of any defense to payment on the note and guarantee sufficient to satisfy the requisites of

*D'Oench, Duhme & Co. v. FDIC,* 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942). In a second ruling, the court dismissed the breach of warranty claims that had originally been brought against FADC–IV. The court reasoned that Weinhold's warranty claims against FADC–IV, like his defenses to the FDIC's counterclaim, failed to satisfy the demands of the *D'Oench* doctrine. Upon review, we affirm both rulings.

## II.

### DISCUSSION

#### A. Standard of Review

 Our review of summary judgments is plenary. *Rivera–Ruiz v. Gonzalez–Rivera,* 983 F.2d 332, 333–34 (1st Cir.1993). "[W]e read the record and indulge all inferences in a light most favorable to the non-moving party." *Id.* at 334. Summary judgment is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.* at 333. Moreover, we are free to affirm a district court's ruling "on any ground supported in the record even if the issue was not pleaded, tried or otherwise referred to in the proceeding below." *De Casenave v. United States,* 991 F.2d 11, 12 n. 2 (1st Cir.1993) (citations omitted).

#### B. Weinhold's Defenses to Payment of the Note

In contending that the district court improperly granted the FDIC's motion for summary judgment, Weinhold has done no more than press his affirmative warranty claims. The bulk of Weinhold's appellate brief is dedicated to arguing that his warranty claims against First American survive both *D'Oench* and 12 U.S.C. § 1823(e), which has been loosely described as *D'Oench* 's codification.[5] Apparently, Weinhold assumes that a viable breach of warranty claim, based on CMA's written warranty of GVW's construction work, would excuse payment on the

---

5. Weinhold argues at great length that First American actually "approved" both the purchase and sale agreement and the September 3 warranty agreement, despite the fact that both agreements were signed by officers of FADC–IV. As we understand it, this contention is aimed solely at showing that Weinhold's affirmative warranty claims survive *D'Oench* and § 1823(e).

promissory note. Because Weinhold's assumption in this regard is erroneous, we need not linger long over this argument.

 The possibility of valid set-off or recoupment claims does not preclude the summary enforcement of debt instruments. *See, e.g., Hunt v. Bankers Trust Co.,* 689 F.Supp. 666, 672 (N.D.Tex.1987). Weinhold's breach of warranty claims are no more than set-off or recoupment claims. They involve issues of zoning, workmanship and other matters relating to GVW's work on the renovation project, rather than issues of liability between Weinhold and First American on the note and guarantee. Even were we to disregard FADC–IV's corporate form, as we are repeatedly urged to do by Weinhold, we would find, at most, that First American and Weinhold entered two separate agreements. The agreement regarding the loan of $2.4 million, on one hand, is evidenced by the note, the mortgage and the personal guarantee. FADC–IV's obligation to convey title to Weinhold and to warrant GVW's work, on the other hand, arises out of the entirely separate purchase and sale agreement. Simply put, GVW's allegedly unacceptable workmanship does not relieve Weinhold of his obligations under the note and guarantee.[6] *Cf. Koch v. Koch,* 903 F.2d 1333, 1335 (10th Cir.1990) (affirming summary judgment in favor of plaintiffs in real estate transaction notwithstanding defendant's claims based on separate stock transaction executed between the same parties on the same day); *Exchange Nat'l Bank of Chicago v. Daniels,* 768 F.2d 140, 143 (7th Cir.1985) (affirming summary judgment on claim for payment of facially unconditional note where defendant's allegations did not constitute a defense to payment).

To the extent that Weinhold's appeal raises any defenses other than his mistaken reliance on his affirmative warranty claims, it

does so in an ineffective manner. This court has often warned litigants that issues raised ineffectively are deemed waived. *E.g., In re Nelson,* 994 F.2d 42, 45 n. 6 (1st Cir.1993).

In sum, even if Weinhold's warranty claims are valid, they are nonetheless based solely on FADC–IV's written warranty of GVW's work. As such, they amount to set-off or recoupment claims, rather than defenses to his obligations on the note and guarantee. Thus, they do not preclude the entry of summary judgment in favor of the FDIC for enforcement of the note and guarantee.

### C. Weinhold's Warranty Claims Against FADC–IV

 Relying on *Howell v. Continental Credit Corp.,* 655 F.2d 743, 746 (7th Cir.1981) and its progeny, Weinhold argues that his breach of warranty claims survive *D'Oench* due to the fact that they are based on documents which evidence bilateral obligations. *See, e.g., id.* (holding that neither *D'Oench* nor § 1823(e) apply "where the document the FDIC seeks to enforce is one ... which facially manifests *bilateral* obligations and serves as the basis of the lessee's defense").

Weinhold's reliance on *Howell* is misplaced. In the various cases employing the *Howell* exception, or similar reasoning, the claims or defenses which the non-governmental party seeks to enforce are contained *either* in the very instrument which the governmental party seeks to enforce, *see, e.g., Howell,* 655 F.2d at 747 (holding that when "the asset upon which the FDIC is attempting to recover is *the very same agreement* that the makers allege has been breached by the FDIC's assignors, § 1823(e) does not apply"); *FDIC v. Panelfab Puerto Rico, Inc.,* 739 F.2d 26, 30 (1st Cir.1984) (holding that the FDIC may not invoke § 1823(e) to invalidate claims which arise from "the same agreement on which the FDIC brought the action in the first place"); *FDIC v. Aetna*

---

**6.** To the extent that the issue of GVW's workmanship could ever provide a defense to payment of the note, it could only constitute a defense of fraud in the inducement, a defense which Weinhold raised in state court. However, the Supreme Court has made clear that § 1823(e) precludes the defense of fraud in the inducement where the FDIC is suing on a facially unqualified promissory note. *See Langley v.*

*FDIC,* 484 U.S. 86, 94, 108 S.Ct. 396, 98 L.Ed.2d 340 (1987). *See also In re 604 Columbus Ave. Realty Trust,* 968 F.2d 1332, 1346 (1st Cir.1992). Moreover, to the extent that Weinhold attempts to resurrect on appeal his claims of deceit, negligent misrepresentation, and violations of Massachusetts consumer protection laws, such claims are similarly barred by *Langley.*

*Casualty and Sur. Co.,* 947 F.2d 196, 206–07 (6th Cir.1991) (applying *Howell*'s reasoning to defenses contained in bilateral bond agreement which FDIC sought to enforce); *or* they are contained in closely related, or "integral" loan documents. *See Resolution Trust Corp. v. Oaks Apartments Joint Venture,* 966 F.2d 995, 1000–01 (5th Cir.1992) (applying *Howell* exception to a liability limitation clause contained in loan guarantee); *FDIC v. Laguarta,* 939 F.2d 1231, 1238–39 (5th Cir.1991) (applying *Howell*-type rationale to a loan agreement and modification agreement that were "integral to the loan transaction"); *Baumann v. Savers Fed. Sav. & Loan Ass'n,* 934 F.2d 1506, 1517–18 (11th Cir.1991) (applying *Howell* exception to claims based on a "schedule dictated in the loan documents"), *cert. denied,* —— U.S. ——, 112 S.Ct. 1936, 118 L.Ed.2d 543 (1992).

To the extent that Weinhold argues that the purchase and sale agreement in this case is an integral part of Weinhold's financing arrangements, we disagree. Thus, even were we to disregard FADC–IV's status as a corporation separate from its parent, First American, we are still left with two distinct agreements, one which governs the purchase and renovation of the property, and the other which governs the financing thereof. *Cf. Cardente v. Fleet Bank of Maine, Inc.,* 796 F.Supp. 603, 612–13 (D.Me.1992) (declining to apply *Howell* exception to plaintiff's claims arising from a lease between plaintiffs and failed bank where FDIC sought enforcement of a promissory note and mortgage on the leased property which were facially unrelated to the lease). Accordingly, the *Howell* exception to *D'Oench* does not apply to Weinhold's claims.[7] Given that Weinhold offers no other basis for challenging the district court's dismissal of his warranty claims, we affirm that dismissal.

### III.

### CONCLUSION

For the foregoing reasons, the order of the district court granting summary judgment in

favor of the FDIC and dismissing Weinhold's breach of warranty claims is

***Affirmed. No costs.***

---

7. We express no view on whether the doctrine set forth in cases such as *Thigpen v. Sparks,* 983 F.2d 644 (5th Cir.1993) and *Alexandria Assoc., Ltd. v. Mitchell Co.,* 2 F.3d 598 (5th Cir.1993) might warrant a different result in this case. Because appellants made no such argument, ei-

ther below or on appeal, we do not address the question. *See, e.g., United States v. Slade,* 980 F.2d 27, 30–31 & n. 3 (reiterating that theories not briefed or argued on appeal are deemed waived).