USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1073 CURTIS CLEVELAND and JUDY CLEVELAND, Plaintiffs, Appellants, v. HASBRO, INC., d/b/a MILTON BRADLEY TOY COMPANY, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Morris E. Lasker, Senior U.S. District Judge] __________________________ ____________________ Before Selya and Boudin, Circuit Judges, ______________ and McAuliffe,* District Judge. ______________ ____________________ Bruce A. Bierhans with whom Andrew D. Nebenzahl, Kenneth B. ___________________ _____________________ ___________ Walton and Bierhans & Nebenzahl were on briefs for appellants. ______ ____________________ John P. Graceffa with whom Kathryn M. Anbinder and Morrison, __________________ _____________________ _________ Mahoney & Miller were on brief for appellee. ________________ ____________________ November 6, 1996 ____________________  ____________________ *Of the District of New Hampshire, sitting by designation. BOUDIN, Circuit Judge. In this diversity case, Curtis ______________ and Judy Cleveland appeal from the district court's grant of summary judgment in favor of Hasbro, Inc. The Clevelands sued Hasbro for negligence and loss of consortium based upon an injury that Curtis Cleveland suffered while loading toys onto his truck at Hasbro's plant in East Longmeadow, Massachusetts. The district court ruled, as a matter of law, that Hasbro had never assumed a duty of care owing to the Clevelands. Our review is plenary, and we take the allegations of facts in the light most favorable to the Clevelands. See Guzman-Rivera v. Rivera-Cruz, 29 F.3d 3, 4 ___ _____________ ___________ (1st Cir. 1994). In September 1991, Curtis was a truck driver employed by V.K. Putnam Trucking, Inc. ("Putnam") of Belgrade, Montana. All of the loads that Putnam contracted to haul were "driver assist" loads, meaning that the truck driver rather than the shipper was responsible for loading cargo. Putnam drivers were provided with a stipend for the purpose of hiring "lumpers" to assist in this process. At his option, the driver could load himself and pocket the stipend. In early September, Curtis was offered the Hasbro job by the Putnam dispatcher and told that it would be driver assist. On September 6, Curtis and Judy arrived at Hasbro's East Longmeadow plant to pick up a shipment of toys for delivery to a purchaser in Oregon. Curtis claims that prior -2- -2- to arriving at Hasbro, he spoke by telephone with a Hasbro employee who assured him that the company would provide "lumpers" or other personnel to load the cargo into his truck. Curtis says that without this assurance he would not have accepted the job. When the Clevelands arrived at Hasbro to pick up the load, they were told that no Hasbro employees were available to assist in loading the truck. Curtis then decided to load the truck himself with help from his wife. Hasbro provided a manual pallet jack to the Clevelands for use in loading the cargo pallets onto the truck, but declined to make available a more expensive electric jack that was also on the premises. After several hours of loading, Curtis had difficulty moving an especially heavy pallet up an inclined ramp into his truck. Starting with the pallet-laden jack at a distance from the truck, Curtis gave the jack a long running push from inside the warehouse toward the interior of his truck. He got the load into the truck; but he then lost control of the jack, and as it slid back out, he jumped aboard it and was ultimately thrown between two other pallets, sustaining injuries. The Clevelands then completed loading the truck and drove the truck back to Oregon. The Clevelands brought suit in the district court in August 1994, alleging that Hasbro had been negligent in failing to provide personnel to load the truck and that it -3- -3- was also negligent in other respects, such as failing to permit the Clevelands to use the electric jack and failing to provide medical assistance to Cleveland following his injury. After discovery, in June 1995 Hasbro moved for summary judgment. The district court granted Hasbro's motion (and denied the Clevelands' cross-motion) on November 29, 1995. The Clevelands now appeal. On appeal, the Clevelands advance three theories of liability: first, that Hasbro, by its employee's alleged statement, assumed a duty to provide assistance in loading; second, that Hasbro had breached its general duty of care as a landowner; and third, that the employee's alleged statement constituted negligent misrepresentation under Massachusetts law. Hasbro says that this third theory has been waived because not pressed in the district court, but it turns out to make no difference. The Clevelands' first negligence claim rests upon the premise that the statement allegedly made by Hasbro's employee gave rise to a duty of care on Hasbro's part; they then argue that the failure of Hasbro to provide the assistance was a breach of this duty and a proximate cause of Curtis' injuries. The district court found that the statement by Hasbro's agent, assuming it was made, was insufficient to give rise to a duty of care under Massachusetts law. -4- -4- It is by no means clear that Massachusetts law would impose on Hasbro a general duty of care based on the isolated statement of the Hasbro employee. Most of the Massachusetts cases, some recognizing and others rejecting a voluntarily assumed duty of care, concern activities that the "volunteer" undertook and then performed in an allegedly negligent manner.1 Here, when Curtis arrived at the plant, Hasbro made quite clear that it was not going to provide assistance at all, although it did allow Curtis to make use of an idle jack. Nor are the Clevelands' other theories especially promising. A landowner does have a duty of care toward invitees (e.g., to furnish a safe premise), Mounsey v. ____ _______ Ellard, 363 Mass. 693, 707 (1973), but the Clevelands' claim ______ to assistance in loading a truck, customarily loaded by the driver, probably stretches this duty beyond its accustomed bounds. As for negligent misrepresentation, see, e.g., Danca ___ ____ _____ v. Taunton Savings Bank, 385 Mass. 1, 8 (1982), there is _____________________ little proof that the employee was negligent as well as mistaken. But we think that the duty of care issue need not be resolved in order to affirm the district court. Rather, we  ____________________ 1See, e.g., Somerset Savings Bank v. Chicago Title Ins. _________ ______________________ __________________ Co., 420 Mass. 422 (1995) (alleged failure of title insurance ___ company to exercise due care in search of plaintiff's title); Mullins v. Pine Manor College, 389 Mass. 47 (1983) (failure _______ ___________________ of college to provide adequate campus security). -5- -5- will assume that on occasion a mere representation of intent- -although neither negligent nor couched as a promise--might lead a victim to alter his position in reliance or otherwise give rise to duties that would not otherwise exist. There exist a brace of theories that respond to such problems including, in addition to negligent misrepresentation, invoked by Cleveland, various forms of estoppel.  Nevertheless, we think that this case must be affirmed, because, in light of Curtis' own carelessness, a reasonable jury could not under Massachusetts law properly return a verdict for the Clevelands in this case. We are entitled to affirm on any dispositive ground, Levy v. Federal Deposit ____ _______________ Ins. Co., 7 F.3d 1054, 1056 (1st Cir. 1993), since it makes ________ no sense to send a case back to district court when the result is foreordained. Two different doctrines converge on our result. Under Massachusetts law, as elsewhere, a defendant is liable only if the wrongdoing was the "proximate"--as well as the "but for" cause of the harm in question. Peckham v. _______ Continental Casualty Ins. Co., 895 F.2d 830, 836 (1st Cir. ______________________________ 1990) (applying Massachusetts law). The rubric is used to draw a legal line somewhere, along the chain of causation, between the more immediate and foreseeable consequences of a wrong and those that are more remote, unlikely or partly the product of intervening forces. Young v. Atlantic Richfield _____ __________________ -6- -6- Co., 400 Mass. 837, 842 (1987); Restatement (Second) of ___ ________________________ Torts, 440, 442 (1965). _____ Assuming that a Hasbro employee made the statement to Curtis, it might be reasonable to anticipate that Curtis could find himself at the plant unable to load the truck, resulting in delay and additional expense (e.g., charges for ____ delayed delivery, inability to carry out other jobs). Perhaps it might be reasonable to assume that, in the absence of expected help, Curtis would incur added expense to get labor or would even attempt to load the truck himself. But to describe the injury itself as proximately caused by the Hasbro statement or resulting lack of help requires more. It requires that it be reasonably foreseeable that Curtis would then attempt to load the truck in a highly negligent manner. By his own admission, Curtis ran an ___ extremely heavy load resting on a jacked-up pallet up an inclined ramp into his truck. He knew that the load was unusually heavy and difficult to maneuver slowly; that is why he attempted the running start. It is hard to explain so risky a course in the face of a known hazard. But even if we assume dubitante that Curtis' negligence _________ was foreseeable enough to satisfy the requirements of proximate cause, compare Restatement, supra, 443, cmt. c, _______ ___________ _____ the Clevelands are still barred from recovery. Massachusetts has eliminated contributory negligence as a defense but, -7- -7- under its comparative negligence doctrine, it does bar recovery where the victim's negligence exceeds that of the wrongdoer. Mass. Gen. L. ch. 231, 85. That is plainly so in this case. It is doubtful that the Clevelands have proffered any substantial proof of negligence by Hasbro. The statement of its employee, if made at all, was mistaken but there is no indication of fault. For all we know, Hasbro does often have lumpers available and the employee's prediction may have been perfectly reasonable. Plaintiffs, although they claim to have charged "negligent misrepresentation," have pointed to no evidence at all of negligence on the part of the employee. But assuming arguendo that a rational jury might still ________ be entitled to infer some measure of fault, there is nothing whatever to suggest that Hasbro's fault comes even close to that of Curtis. Curtis' negligence is patent, serious and beyond reasonable dispute; Hasbro has at most made a garden variety administrative error, weakly inferable at best and (by any test of foreseeability) only remotely connected to Curtis' own injury. Bluntly put, Curtis injured himself. Matters of proximate cause and comparative fault are, as a general rule, for the jury; but the settled exception to the general rule applies when a reasonable jury could reach only one result. This is such a case and, without suggesting that the district court was wrong in its broader legal -8- -8- holding, we think that our own ruling on comparative negligence offers a firm and narrow basis for the result. Affirmed. _________ -9- -9-