NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL FOR THE FIRST CIRCUIT

---

### BAP NO. MB 99-094

---

### IN RE: FRANK JOSEPH SCHIFANO,
Debtor.

---

### ALFRED RAZZABONI and HENRY RAZZABONI,
Plaintiffs/Appellants,

v.

### FRANK JOSEPH SCHIFANO,
Defendant/Appellee.

---

### Appeal from the United States Bankruptcy Court
for the District of Massachusetts
(William C. Hillman, U.S. Bankruptcy Judge)

---

### Before
Votolato, Haines and Carlo, U.S. Bankruptcy Judges

---

**John F. Drew, Lawrence P. Murray and Lane, Altman & Owens, for Appellants.**

**Jordan L. Shapiro and Shapiro & Shapiro, for Appellee.**

---

### March 21, 2000

---

**Per Curiam**

On April 27, 1999, a panel of this court entered its order remanding the case to the bankruptcy court for the limited purpose of determining whether the controversy on appeal had been consensually resolved. In the face of conflicting reports from the parties about settlement, the panel stated:

> [W]e hereby REMAND this case to the bankruptcy court for a determination whether this matter has been settled. We further instruct the bankruptcy court to consider whether any party or their counsel has filed false affidavits, misled this court, or engaged in other conduct violative of the rules and to impose sanctions as the circumstances warrant.

Thereafter the parties returned to bankruptcy court, engaged in discovery and, ultimately, Schifano moved for summary judgment, asserting that the undisputed material facts established, as a matter of law, that settlement had been effected. The lower court entertained the motion, considered the response and, after hearing argument, the bankruptcy judge entered summary judgment for Schifano. The Razzabonis have appealed.

## Discussion

### 1. Jurisdiction

The bankruptcy court's order granting summary judgment is a final order. Its entry effectively terminated all outstanding litigation between the parties in the bankruptcy forum. We have

2

appellate jurisdiction pursuant to 28 U.S.C. § 158.

## 2.  Standard of Review

Our review of summary judgment is de novo.  See, e.g., Hodgens v. General Dynamics Corp., 144 F.3d 151, 158 (1st Cir. 1998); Hinchey v. NYNEX Corp., 144 F.3d 134, 140 (1st Cir. 1998); Hidalgo v. Overseas Condado Ins. Agencies, Inc., 120 F.3d 328, 332 (1st Cir. 1997); Den Norske Bank AS v. First Nat'l Bank of Boston, 75 F.3d 49, 53 (1st Cir. 1996); Mottolo v. Fireman's Fund Ins. Co., 43 F.2d 723, 725 (1st Cir. 1995); Desmond v. Varrasso (In re Varrasso), 37 F.3d 760, 763 (1st Cir. 1994); Santana Olmo v. Quiñones Rivera (In re Quiñones Rivera), 184 B.R. 178, 184 (D.P.R. 1995).

## 3. Summary Judgment Standard

To affirm we must conclude that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56 (c). See also Celotex Corp. v.  Catrett, 477 U.S. 317, 323 (1986); Barbour v. Dynamics Research Corp., 63 F.3d 32, 36-37 (1st Cir. 1995); Mottolo, 43 F.3d at 725.

A material fact is one that, in light of the governing law, has the potential to affect the outcome of the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)("Only

3

disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."); accord Mottolo, 43 F.3d at 725; United States v. One Parcel of Real Property, 960 F.2d 200, 204 (1st Cir. 1992).

If a reasonable fact-finder could reach a lawful decision in favor of the Razzabonis, then the dispute over the material fact is "genuine." See Anderson, 477 U.S. at 248; Mottolo, 43 F.3d at 725; One Parcel of Real Property, 960 F.2d at 204. We view the facts in a light most favorable to the Razzabonis, the nonmoving parties, drawing all reasonable inferences in their favor. See Barbour, 63 F.3d at 36; Levy v. FDIC, 7 F.3d 1054, 1056 (1st Cir. 1993); see also In re Varrasso, 37 F.3d at 763 ("This means, of course, that summary judgment is inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record."); In re Quiñones Rivera, 184 B.R. at 188 (reversing summary judgment because the court "succumbed to the temptation of indulging in impermissible credibility determinations and otherwise refrained from drawing reasonable inferences in favor of the [nonmovants]").

## 4. The Summary Judgment Dispute

The contested issue on summary judgment was whether Attorney Michael Smith, one of several counsel employed on behalf of the Razzabonis, effectively settled their dispute with Schifano in

4

accordance with the authority the Razzabonis had given him.

Our circuit has stated:

> A party to a settlement agreement may seek to enforce the agreement's terms when the other party reneges.  If, at the time of the claimed breach, the court case already has been dismissed, the aggrieved party may bring an independent action for breach of contract. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 381-82, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994).  If, however, the settlement collapses before the original suit is dismissed, the party who seeks to keep the settlement intact may file a motion for enforcement.  See United States v. Hardage, 982 F.2d 1491, 1496 (10th Cir. 1993)("A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it.")(citations omitted): Mathewson Corp. V. Allied Marine Indus., Inc., 827 F.2d 850, 852-53 (1st Cir. 1987)(similar).  In a federal court, such a motion – at least when the underlying cause of action is federal in nature – is determined in accordance with federal law.  See Michaud v. Michaud, 932 F.2d 77, 80 n.3 (1st Cir. 1991); Fennell v. TLB Kent Co., 865 F.2d 498, 501 (2d Cir. 1989); Mid-South Towing Co. v. Har-Win, Inc., 733 F.2d 386, 389 (5th Cir. 1984); Gamewell Mfg., Inc. v. HVAC Supply, Inc., 715 F.2d 112, 115-16 (4th Cir. 1983).

Malave v. Carney Hosp., 170 F.3d 217, 220 (1st Cir. 1999).

The Malave panel also noted that, "[a]s a general rule, a trial court may not summarily enforce a purported settlement agreement if there is a genuinely disputed question of material fact regarding the existence of terms of that agreement."  Id.

On remand, the issues before the bankruptcy court were analogous to those presented by a motion to enforce a settlement agreement.  The underlying cause of action with which we are concerned arose under § 727 of the Bankruptcy Code, and is

5

indisputably "federal in nature."

The summary judgment record included deposition testimony from the attorneys involved, Schifano's deposition, and the Razzabonis' affidavits. The Razzabonis, in apparent contradiction of a letter sent to Attorney Smith by another attorney working on their behalf, denied that Smith had authority to finally settle the litigation, at least without their approval of the final settlement terms - an approval they never gave. Attorney Smith's testimony is not at variance with their asservations.

Certainly, there was substantial evidence supporting the judge's conclusion that the matter had been effectively settled, as well. But on the question of Attorney Smith's actual authority to consummate the settlement,[1] material facts were in genuine dispute.[2] Schifano's counsel conceded as much at oral

---

[1] The Malave court held, under analogous circumstances, that the party championing settlement must demonstrate that its opponent's agent acted with actual authority. "[T]he doctirne of apparent authority may not be invoked in these purlieus." Id. at 221.

[2] The settlement would have terminated the Razzabonis' objection to discharge suit in Schifano's bankruptcy case, as well as Schifano's state law claims against the Razzabonis. The picture is complicated by the fact that the Razzabonis' insurer sent, and Schifano's counsel promptly cashed, a check in settlement of Schifano's state law claims, and by the fact that the parties' state law litigation was dismissed on the basis of settlement. However, we note that the two aspects of the parties' controversy are legally independent of one another (that is, the discharge objection can not be styled as a mandatory counterclaim to Schifano's state law claims) and that Schifano

6

argument when he argued that the decision below was not based on a "clearly erroneous" view of the facts and urged us not to second guess the trial court's decision to accept one interpretation of the evidence over another. Accordingly, we must reverse the lower court's award of summary judgment and remand the matter for evidentiary proceedings.

We add the following before closing. The record before this panel and its predecessor plainly shows that the Razzaboni/Schifano conflict has been long (too long) and acrimonious (too acrimonious). The lower court's view of the evidence before it, though not unreasonable, progressed to judgment prematurely. Given genuine disputes of material fact, it was required to go farther before assessing credibility, weighing the evidence, and entering judgment. We reverse and remand because the law's properly punctilious penchant for procedural fairness requires it. We trust, however, that the parties will see the forest for the trees and not take today's decision as encouragement to fight longer, harder, and more heatedly than necessity and good conscience require.[3]

---

alone provided releases in return for payment (a payment issued by the Razzabonis' insurer without Smith's or the Razzabonis' knowledge).

[3] Our action today opens the door to consider that portion of the remand order that remains thus far unexamined. That is, whether any party should answer, through sanctions, for its conduct regarding representations of settlement.

## Conclusion

For the reasons set forth above, the bankruptcy court's entry of summary judgment is REVERSED and the case is REMANDED for further proceedings under our April 27, 1999, order of remand.