# United States Court of Appeals
## For the First Circuit

No. 04-1175

SONJI A. ORTIZ GARCÍA,

Plaintiff, Appellant,

v.

FERNANDO TOLEDO FERNÁNDEZ, FRANCISCO APONTE,
CARMEN OLIVER, ALMA HERNÁNDEZ, LUIS RIVERO CUBANO,
all in their official and personal capacities and the Legal
Partnership of the married defendants,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Lynch, Circuit Judge,

Stahl, Senior Circuit Judge,

and Howard, Circuit Judge.

Rafael Sanchez Hernandez was on brief for appellants.
Isabel Rodríguez Casellas with whom Sanchez-Betances & Sifre,
P.S.C. was on brief, for appellees.

April 19, 2005

**Per Curiam.** In this political discrimination case, plaintiff-appellant Sonji A. Ortiz García appeals the district court's award of summary judgment in favor of defendants-appellees Fernando Toledo Fernández, Francisco Aponte, Carmen Oliver, Alma Hernández and Luis Rivera Cubano. We affirm.

Ortiz asserted a claim that she was subject to working conditions so unreasonable as "to cause reasonably hardy individuals to compromise their political beliefs and associations in favor of the prevailing party." Agosto-De-Feliciano v. Aponte-Roque, 889 F.2d 1209, 1217 (1st Cir. 1989). She also claimed that political discrimination led to a denial of a promotion and being subjected to unwarranted discipline. As best as we can understand, Ortiz's appeal focuses on the inferior working conditions and unwarranted discipline claims.[1]

We recite the relevant facts in the light most favorable to Ortiz. See Figueroa-Serrano v. Ramos-Alverio, 221 F.3d 1, 4 (1st Cir. 2000). Ortiz is a career employee in the Puerto Rico Department of Agriculture's Market Inspection Office, where she holds the position of Agronomist IV. In that office, agronomists are specialists in agriculture, specifically land and cattle

---

[1]The appellant's brief was particularly confused, making it difficult for the court to identify Oritz's appellate claims. We have read the brief liberally but, to the extent that Oritz sought to include claims which we have not considered, she has waived them. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

sciences. Ortiz began working at the Market Inspection Office as an Agronomist I in 1993, became a career employee there in 1994, and was promoted to the position of Agronomist IV in 1997. Ortiz is an active member of Puerto Rico's New Progressive Party ("NPP"). In 1998, she left her Agronomist IV position to hold various trust positions for the NPP, which was in power at the time.

In November 2000, Sila María Calderón, a Popular Democratic Party ("PDP") candidate, was elected Governor of Puerto Rico. Ortiz subsequently resigned from her trust position and was reinstated to her career position as Agronomist IV in January 2001. The alleged discrimination began immediately after she was reinstated. Defendants are all members of the PDP and work either directly in the Market Inspection Office or at the Department of Agriculture.

Shortly after her reinstatement as an agronomist, Ortiz received a letter informing her that she would be required to prepare statistical reports for the whole office. She wrote three letters to defendant Toledo (the Secretary of the Department of Agriculture) to complain about the assignment, arguing that the report writing would force her to perform the functions of a data entry clerk. Soon thereafter, some of the report writing was redistributed to other agronomists.

During the same time period, Ortiz was also told that she would do field activities only once a week while other agronomists

had daily field responsibilities. In addition, her decisions were undercut by lower-ranking office members. And while Ortiz oversaw certain inspectors, she did not supervise other agronomists. This responsibility was given to lower-ranking employees.

Soon after Ortiz began work in 2001, another agronomist, Julia Santa, was reclassified from Agronomist III to Agronomist Supervisor. When an additional supervisory position became available, Ortiz applied but another individual was selected. According to Ortiz, between seven and nine PDP-affiliated agronomists were reclassified to higher positions when the PDP took power.[2]

In May 2002, disciplinary action was taken against Ortiz for leaving the workplace without authorization and for writing a false travel order. Ortiz has averred that she left the workplace to participate in official charitable activities, and she claimed that the disciplinary action was in contravention of agency regulations and customary practice.

At the conclusion of discovery, defendants moved for summary judgment on the political discrimination claims. The district court awarded summary judgment on two grounds. First, the court found that there was no genuine issue of material fact as to whether the deprivations suffered by Ortiz were severe enough to

[2]Ortiz has not developed a discriminatory failure-to-promote claim but presents this evidence to bolster her showing of discriminatory treatment in her own Agronomist IV position.

-4-

establish an "unreasonably inferior" work environment. Second, the court decided that Ortiz did not provide sufficient evidence to establish a prima facie case of discriminatory animus.[3]

We review the grant of summary judgment de novo. See Figueroa-Serrano, 221 F.3d at 4. To succeed on her work environment claim, Ortiz has to show, by clear and convincing evidence, that she was subjected to an unreasonably inferior environment.[4] Agosto-de-Feliciano, 889 F.2d at 1217-20. If that burden is met, Ortiz has to show that her political affiliation was a substantial factor in the establishment of the unreasonably inferior work environment. See id. at 1218-20. If she makes this prima facie showing, the burden shifts to the defendants to show that they would have acted in the same way regardless of Oritz's

---

[3]Ortiz also brought a due process claim which the district court rejected. Ortiz does not develop an argument challenging this ruling on appeal.

[4]We have questioned, without resolving, the extent to which Agosto-de-Feliciano's "unreasonably inferior work environment" standard applies after the Supreme Court's decision in Rutan v. Republican Party of Ill., 497 U.S. 62 (1990). See Acevedo-Garcia v. Vera-Monroig, 204 F.3d 1, 12 (1st Cir. 2000) ; Nerida-Gonzalez v. Tirado-Delgado, 990 F.2d 701, 705 (1st Cir. 1993). But we have offered a rationale for retaining the "unreasonably inferior rule" in cases such as this. See Acosta-Orozco v. Rodriguez-de-Rivera, 132 F.3d 97, 101 n.5 (1st Cir. 1997) ("We do not regard [Rutan] as necessarily foreclosing something like the 'unreasonably inferior' rule for personnel actions short of demotions or transfers."). In any event, this case was argued before the district court and this court on the ground that Agosto-de-Feliciano provides the governing standard. We will therefore assume arguendo that this standard applies.

political affiliation.  See Mount Healthy Sch. Dist. v. Doyle, 429 U.S. 274, 286-87 (1977).

Ortiz's inferior work environment claim falters at the threshold.  To establish her claim, Ortiz must identify evidence from which a factfinder could conclude that her job is "unreasonably inferior to the norm for the position."  Agosto-de-Feliciano, 889 F.2d at 1220.  To determine whether an environment is unreasonably inferior, a factfinder should "canvass the specific ways in which the plaintiff's job has changed."  Id.; see also Rivera-Ruiz v. Gonzalez-Rivera, 983 F.2d 332, 335 (1st Cir. 1993).  Ortiz argues that she was forced to endure an unreasonably inferior work environment because she lost certain benefits (including a parking space and personal telephone); was assigned tasks unsuitable for an Agronomist IV; and received less favorable treatment than other employees.

Ortiz's evidence of mistreatment is insufficient to meet the demanding requirement for an unreasonably inferior work environment claim.  First, in this situation a parking space and a personal telephone are perquisites.  Of the twenty employees at the Market Inspection Office, four had parking spots, and three had phones on their desks.  Ortiz's job description says nothing to indicate that she had a right to them or a need for them.  The deprivation of such perquisites ordinarily does not support an inference of an "unreasonably inferior" work environment.

See Agosto-de-Feliciano, 889 F.2d at 1219 ("An employee who has lost merely the 'perks' of his position--for example, the best office or secretary in the agency, unlimited telephone access or unusually minimal oversight--would not meet the 'unreasonably inferior' standard.").

Second, there is no evidence of substantially changed working conditions. Ortiz's account of her job assignments fits squarely within the job description of an Agronomist IV. Further, while Ortiz held the Agronomist IV position before being promoted to a trust position, she has not presented evidence comparing her present duties to her duties when she previously held the position.[5] Thus, a factfinder would have no way to know whether the position she occupies now materially differs from the position as it existed previously. Moreover, while Ortiz claims that other agronomists were better treated, she provides little information about these individuals or their work assignments from which a meaningful comparison of work environments could be made.[6] In

---

[5]Ortiz began her second tour of duty in the Agronomist IV position when the new administration was installed at the Department of Agriculture. Because she was not an Agronomist IV immediately prior to the start of the alleged inferior treatment, comparison with her circumstances immediately prior to the change in power is not relevant.

[6]Ortiz does not compare her treatment with that of the other eight employees occupying Agronomist IV positions. Instead, she relies heavily upon evidence regarding the reclassification of one employee, Julia Santa (a PDP member), from Agronomist III to Agronomist Supervisor. But Ortiz does not adduce evidence that Santa was not qualified for the reclassification or that she was promoted in an inequitable way. The same holds true for the person

-7-

short, the record is inadequate for a reasonable factfinder to conclude that Ortiz was subjected to an unreasonably inferior work environment after her return to the Agronomist IV position.

The unwarranted discipline claim fails for a lack of competent comparative evidence suggesting political animus. Cf. Rathbun v. Autozone, Inc., 361 F.3d 61, 76 (1st Cir. 2004) (explaining that, for Title VII claims, comparative evidence must "show[] that others similarly situated . . . in all relevant respects were treated differently" than the individual alleging discrimination) (quoting Conward v. Cambridge Sc. Comm., 171 F.3d 12, 20 (1st Cir. 1999). Ortiz claimed ten other employees were accused of absence from the workplace without authorization but that none were disciplined. She failed, however, to identify them or provide other information necessary to compare her situation to theirs, including their party membership. See Kaufmann v. P.R. Tel. Co., 841 F.2d 1169, 1172 n.5 (1st Cir. 1988). Without this information, no inference of discriminatory motive can be drawn. In addition, Ortiz was charged not just with being absent from the workplace, but also with writing a false travel order. She presented no evidence disputing this charge. Nor did she provide evidence that any other employee was similarly accused but was treated more leniently. The summary judgment record is thus

---

promoted to the Agronomist Supervisor position that Ortiz applied for but did not receive.

insufficient to support the inference that Ortiz was placed in the disciplinary hearing because of her political affiliation.

Ortiz has failed to establish that she was subjected to an unreasonably inferior work environment or that the disciplinary proceeding against her was motivated by political animus. We therefore **<u>affirm</u>** the district court's award of summary judgment.