WILLIAM H. ROCKWELL & another, executors, *vs.* WILLIAM T. FURNESS.

Berkshire.    September 9, 1913. — October 21, 1913.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DE COURCY, JJ.

*Survival of Actions.    Executor and Administrator.    Pleading, Civil,* Answer.

An executor cannot maintain an action of tort for false representations made to his testator who relied upon them to his loss, a loss thus incurred not being "damage to real or personal property" for which an action survives under R. L. c. 171, § 1.

The expenditure of money by an executor upon the prosecution of an action for an alleged wrong done to his testator under the mistaken belief that the right of action survives under R. L. c. 171, § 1, when it is not within that statute, has no effect to revive the extinct cause of action.

In an action of tort by an executor for an alleged wrong done to his testator, the defense that the right of action died with the testator and did not survive to the executor under R. L. c. 171, § 1, is available under an answer which contains only a general denial, because, if the action did not survive, the plaintiff can show no right to recover.

TORT by the executors of the will of Rosella A. Rockwell for false representations alleged to have been made to the agent of the plaintiffs' testatrix and on which the testatrix was alleged to have relied to her loss and damage as stated in the opinion. Writ dated September 20, 1910.

The answer was a general denial.

In the Superior Court the case was tried before *Sanderson,* J. At the close of the plaintiffs' evidence the judge ordered a verdict for the defendant; and the plaintiffs alleged exceptions, containing a stipulation of the parties that, if upon the competent evidence the judge should have submitted the case to the jury, judgment should be entered for the plaintiffs in the sum of $1,850.

*M. B. Warner,* for the plaintiffs.

*W. L. Came,* for the defendant.

SHELDON, J. The plaintiffs seek to recover on the ground that the defendant falsely represented to Rosella A. Rockwell, their testatrix, or rather to her agent, in her lifetime, that he had authority to settle her claims against certain insurance companies for the loss by fire of her property upon which those companies had issued to her policies of insurance against fire, or upon failure to make such settlements with her that he had authority to sign a "reference paper" in the name of each of the companies. They allege that their testatrix and her agent, believing these representations and relying thereon, failed to notify the insurance companies of the loss that had occurred, and so lost her remedy against the companies. *Rockwell* v. *Hamburg-Bremen Fire Ins. Co.* 212 Mass. 318.

If we assume everything else in favor of the plaintiffs, it yet remains true that the remedy of the testatrix for the tort of the defendant could be enforced only in her lifetime; it did not survive her death. R. L. c. 171, § 1. As was said in *Jenks* v. *Hoag,* 179 Mass. 583, 586, "It has been decided repeatedly that 'a mere fraud or cheat by which one sustains a pecuniary loss cannot be regarded as a damage done to personal estate.' *Leggate* v. *Moulton,* 115 Mass. 552, and cases there cited. See also *Cutter* v. *Hamlen,* 147 Mass. 471. The statute was intended to give a remedy which should survive only for injuries of a specific character 'to real or personal estate.' " There is nothing to help the plaintiffs in *Parker* v. *Simpson,* 180 Mass. 334, 343; *Von Arnim* v. *American Tube Works,* 188 Mass. 515, 519, 520; *Batty* v. *Greene,* 206 Mass. 561, 564, *et seq.*; or *Lovejoy* v. *Bailey,* 214 Mass. 134, 154. See also *Dixon* v. *Amerman,* 181 Mass. 430.

If the plaintiffs since the decease of their testatrix have, in

reliance upon the same representations of the defendant, spent money in the prosecution either of this action or of the actions brought by her against the insurance companies, this could not revive the lapsed cause of action. They were bound to know that it did not survive.

Nor can we doubt that this objection was available to the defendant without having been set up in his answer. It was not matter in avoidance, or any independent substantive matter of defense, but a denial of any right of action. The record showed that the court had no jurisdiction of the case; and it followed that the plaintiffs' evidence showed no right of action, nothing that the defendant was called upon to answer. *Hey* v. *Prime,* 197 Mass. 474, 475. *Keating* v. *Boston Elevated Railway,* 209 Mass. 278, 281, 282.

*Exceptions overruled.*