William DEGNAN, Jr., Plaintiff, Appellant,

v.

PUBLICKER INDUSTRIES, INC., et al., Defendants, Appellees.

No. 95–2244.

United States Court of Appeals, First Circuit.

Heard April 2, 1996.

Decided May 1, 1996.

---

**28**

Sydelle Pittas, Winchester, MA, for appellant.

Thomas E. Shirley, with whom Liam T. O'Connell and Choate, Hall & Stewart, Boston, MA, were on brief, for appellees.

Before SELYA and CYR, Circuit Judges, and GERTNER,* District Judge.

SELYA, Circuit Judge.

William Degnan, Jr., the former president of Fenwal Electronics, Inc., a wholly owned subsidiary of Publicker Industries, Inc., initiated this misrepresentation action in a Massachusetts state court against Fenwal and Publicker on November 14, 1994. He framed his complaint exclusively in terms of state law, alleging in substance that the defendants induced him to take early retirement at age fifty-five by promising to revise a corporate retirement plan so as to make him eligible for full retirement benefits at that age; and that, after he retired (giving up lucrative employment opportunities elsewhere), the defendants paid him the agreed amount for only eighteen months before they breached their promise (claiming that he did not qualify for full benefits under the amended plan). The defendants removed the case to the federal district court and sought dismissal on preemption grounds.

On September 8, 1995, the district court found that the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.,* and in particular, ERISA's broad-gauged preemption clause, 29 U.S.C. § 1144(a) (1994), preempted Degnan's common law misrepresentation claims

* Of the District of Massachusetts, sitting by designation.

against the defendants. Upon reviewing the matter *de novo, see Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 52 (1st Cir. 1990), we agree that the common law claims were preempted and that the complaint as framed courted dismissal. *See* Fed.R.Civ.P. 12(b)(6) (authorizing dismissal for the pleader's failure to state an actionable claim).

We need not dwell upon the rationale for finding preemption. Suffice it to say that, in its order of dismissal, the district court characterized the instant case as "analogous" in all material respects to a case previously decided by this court, namely, *Carlo v. Reed Rolled Thread Die Co.,* 49 F.3d 790, 793–95 (1st Cir.1995) (ruling that ERISA preempted a state-law misrepresentation claim). We readily agree that *Carlo* controls here, and add only that in his appellate briefs Degnan has failed to advance any plausible basis for distinguishing this case from *Carlo.*

■ Under ordinary circumstances, this would be the end of the matter. Where, as here, the plaintiff chooses not to ask the trial court for permission to amend but stands upon his complaint in the face of an order dismissing it, and thereafter loses the ensuing appeal, he is not entitled to a second bite of the banana. *See, e.g., Royal Business Group, Inc. v. Realist, Inc.,* 933 F.2d 1056, 1066 (1st Cir.1991) (explaining that when a party elects to appeal rather than attempt to amend a complaint, it ill behooves that party to suggest at a later date that it could have satisfied the district court's concerns by amending the complaint); *James v. Watt,* 716 F.2d 71, 78 (1st Cir.1983) (admonishing that courts should not routinely allow plaintiffs to "pursue a case to judgment and then, if they lose, to reopen the case by amending their complaint to take account of the court's decision"), *cert. denied,* 467 U.S. 1209, 104 S.Ct. 2397, 81 L.Ed.2d 354 (1984).

The rule, however, is not inflexible. We have recognized that, even if the pleader has elected to dig in his heels, appealing from a judgment of dismissal rather than endeavoring to reframe his complaint, "an appellate court has the power, in the interest of justice, to grant leave to amend if the circumstances

warrant." *Rivera–Gomez v. de Castro,* 843 F.2d 631, 636 (1st Cir.1988). This approach finds ample support in other appellate authority, *see, e.g., Bryan v. Austin,* 354 U.S. 933, 933, 77 S.Ct. 1396, 1396, 1 L.Ed.2d 1527 (1957) (per curiam); *Whitelock v. Leatherman,* 460 F.2d 507, 515 (10th Cir.1972); *Moviecolor Ltd. v. Eastman Kodak Co.,* 288 F.2d 80, 88 (2d Cir.), *cert. denied,* 368 U.S. 821, 82 S.Ct. 39, 7 L.Ed.2d 26 (1961), among the commentators, *see, e.g.,* 3 J. Moore, *Moore's Federal Practice* ¶ 15.11 at 15–109 (1983), in the Code, *see, e.g.,* 28 U.S.C. § 2106 (1994) ("[A] court of appellate jurisdiction may … direct the entry of such appropriate judgment … as may be just under the circumstances."), and in the spirit that pervades the Civil Rules, *see, e.g.,* Fed.R.Civ.P. 15(a) (counseling that leave to amend "shall be freely given when justice so requires").

This is a suitable instance in which to invoke the exception to the general rule. The appeal is in a highly idiosyncratic posture. On March 19, 1996, after the parties had briefed this appeal but two weeks before oral argument, the Supreme Court issued its opinion in *Varity Corp. v. Howe,* — U.S. ——, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996). *Varity* shed new light on the Court's earlier holding in *Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985), and indicated that, in certain circumstances, an individual plan participant or beneficiary may be able to obtain equitable relief *under the ERISA statute itself* for harm caused by an employer's breach of its fiduciary obligations. *See Varity,* at — – ——, 116 S.Ct. at 1075–79; *see also* 29 U.S.C. § 1132(a) (1994) (enumerating equitable remedies under ERISA). Because we deemed *Varity* to have possible applicability here, we immediately called the opinion to the parties' attention and directed them to be prepared to discuss it. We heard oral argument on April 2, 1996. We then ordered the parties to file supplemental briefs addressing the potential applicability (if any) of *Varity* to Degnan's situation.[1]

---

1. Simultaneous with the filing of his supplemental brief, the appellant also moved to enlarge the record on appeal. In view of our disposition today, the motion is moot.

We have examined the record in this case in light of *Varity* and of the parties' supplemental briefs. We see both procedural and substantive problems. The procedural problem stems from the fact that Degnan framed his suit as a common law cause of action for misrepresentation rather than as a statutory ERISA-based claim for breach of a fiduciary duty. The district court treated the claim as asserted and, under our *Carlo* precedent, correctly found the pleaded cause of action to be preempted. The plaintiff neither asked the court to consider the possibility of a statutorily based claim nor sought leave to file an amended complaint. As we have said, these failings would be fatal in the typical case. *See, e.g., Royal Business Group*, 933 F.2d at 1066.

This case, however, is atypical. When Degnan eschewed amendment in the district court, *Varity* had not yet been decided and the state of the law was in flux. We think it is appropriate for an appellate court to consider granting the type of extraordinary relief that the plaintiff requests here—permitting an amendment even after affirmance of an order of dismissal—when an important new decision intervenes. *See Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 23 (1st Cir.1989) (suggesting that such an amendment should be allowed if "some new concept has surfaced, making workable an action previously in the doldrums"); *Pross v. Katz*, 784 F.2d 455, 460 (2d Cir.1986) (similar). That scenario, broadly speaking, appears to exist here.

We find added impetus for applying the exception because of the nature of the case. ERISA is a remedial statute designed to fashion anodynes that protect the interests of plan participants and beneficiaries. *See* 29 U.S.C. § 1001(b) (articulating policy "to protect ... the interests of participants in employee benefit plans and their beneficiaries ... by providing for appropriate remedies, sanctions, and ready access to the Federal courts"); *see also Varity*, at ——, 116 S.Ct. at 1078; *Johnson v. Watts Regulator Co.*, 63

F.3d 1129, 1132 (1st Cir.1995). Courts should not hasten to employ technical rules of pleading and practice to defeat that goal. In this respect, *Fitzgerald v. Codex Corp.*, 882 F.2d 586 (1st Cir.1989), is instructive. There the state law remedies that the plaintiff sought were held to have been entirely displaced by ERISA. *See id.* at 588. Although the plaintiff had not attempted to state a federal claim in the district court, we nonetheless proceeded to inquire whether his complaint could be read to contain a federal claim upon which relief might be granted. *See id.* at 589. Answering that question in the affirmative, we reversed the order of dismissal. *See id.*

The short of it is that in *Fitzgerald*, as in *Rivera–Gomez*, we departed from our usual praxis to avoid injustice. We believe that, given the purport and timing of the Court's opinion in *Varity*, the same result should obtain here. The procedural barrier to permitting an amendment is, therefore, superable.

The substantive problem is whether or not the plaintiff can state a claim under *Varity*.[2] At this juncture, we simply cannot tell. Because the plaintiff has not yet tried to plead a *Varity* claim, we do not know how well the shoe fits, or if it fits at all. Rather than guessing at what facts the plaintiff conceivably could allege in an amended complaint, we think that the course of prudence is to give the plaintiff an opportunity to supplement his factual allegations with whatever additional averments he believes would buttress *Varity*-type claims, and, once an amended complaint is filed, to permit the district court to address the substantive problem, i.e., the sufficiency of the amended complaint, in the first instance.

We need go no further. We remand with directions to grant the plaintiff permission to file an amended complaint limited to whatever *Varity*-type claims he may envision under ERISA. From that point forward, the district court can proceed in the ordinary course. For our part, we take no view of

---

2. We note that the substantive and procedural problems interlock because leave to file an amended complaint should not be granted if it is clear that the amendment would be in vain. *See*

*Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Correa–Martinez*, 903 F.2d at 59.

whether the plaintiff's case fits the *Varity* mold from the perspective of either pleadings or proof.

*We affirm the dismissal of the complaint insofar as it purports to state claims based on the common law or on state law, and we remand the case to the district court with an express direction that it permit the plaintiff to file an amended complaint limited to his claim(s) under ERISA. The parties shall bear their own costs.*