USCA1 Opinion

 

 United States Court of Appeals For the First Circuit ____________________ No. 96-1696 CHARLENE TAGAN GOLAS, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF DONALD M. GOLAS, Plaintiff, Appellant, v. HOMEVIEW INC. AND PAUL REVERE LIFE INSURANCE COMPANY, Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Nathaniel M. Gorton, U.S. District Judge] ___________________ ____________________ Before Stahl, Circuit Judge, _____________ Bownes, Senior Circuit Judge, ____________________ and Lynch, Circuit Judge. _____________ ____________________ John J. Weltman, with whom Lawson & Weitzen was on brief, for ________________ _________________ appellant. Joan O. Vorster, with whom Joseph M. Hamilton and Mirick, _________________ ____________________ _______ O'Connell, DeMallie & Lougee were on brief, for appellee Paul Revere ____________________________ Life Insurance Company. ____________________ February 7, 1997 ____________________ LYNCH, Circuit Judge. This is an appeal from the LYNCH, Circuit Judge. _____________ denial of plaintiff's motion to amend her complaint to add Ellen Kaplan, an insurance broker, as a defendant in a suit arising out of Paul Revere Life Insurance Company's refusal to pay disability insurance benefits to plaintiff's late husband when he was suffering from his final illness. In her motion to amend, plaintiff sought to add a new party defendant on a state law claim in an action which the district court was simultaneously dismissing against the original defendants as being preempted by federal law. We review the denial of the motion to amend for abuse of discretion and conclude that there is no such abuse under the circumstances. We need not and do not reach the issue of whether the state law misrepresentation claim is preempted by the Employee Income Security Act of 1974, 29 U.S.C. 1001 et __ seq. ("ERISA"). ____ In August 1992, plaintiff's husband obtained a disability insurance policy through his employer, HomeView Inc. One month later he was diagnosed with bone cancer and sought disability benefits. His request was denied as being related to a preexisting condition for which he sought treatment during the enrollment period. After her husband's death, plaintiff brought suit in Massachusetts state court against Paul Revere and HomeView based on state law misrepresentation theories. The complaint -2- 2 alleged that HomeView supplied its employees, including Donald Golas, with a pamphlet, prepared by Paul Revere, explaining the rules governing preexisting conditions. Plaintiff contends that this pamphlet was misleading. It indicated that an insured individual could obtain disability benefits as long as the disability was not caused by a sickness that required him to consult a doctor during the three month enrollment period. Plaintiff claims that, in reliance on this statement, her husband visited a doctor during the enrollment period for administrative purposes only. However, he was not diagnosed with bone cancer at that time. It was this visit, plaintiff alleges, that made him ineligible to receive benefits. Plaintiff argues that, absent the flawed information, her husband would have waited until after the enrollment period ended to visit the doctor and therefore would have been eligible for benefits. Plaintiff sought damages in state court for her late husband's emotional distress and for her own loss of consortium. Plaintiff simultaneously brought suit in federal court against the same two defendants for benefits allegedly due under the disability policy pursuant to ERISA. That ERISA case continues to be pending in the District of Massachusetts. Defendants removed the state law suit to federal court, arguing that those claims were also governed by ERISA. The two cases were not consolidated. -3- 3 Once in federal court, Paul Revere moved to dismiss the state law claims, arguing that they were preempted by ERISA.1 Plaintiff countered by moving for a remand to state court. While these motions were pending, plaintiff moved to amend the complaint to add Kaplan as a defendant, asserting that, since filing her initial action, she had "discovered that critical misrepresentations upon which her husband relied were made to him by Ellen Kaplan." The complaint alleged that, "[p]rior to accepting disability coverage, Mr. Golas spoke to Ellen Kaplan who made false statements to him regarding his coverage under the disability policy," and that, "[a]s the broker responsible for overseeing the provision of disability insurance from Paul Revere to HomeView employees, Ms. Kaplan owed Mr. Golas a duty to make sure she did nothing to interfere with his obtaining coverage under the policy." Defendants opposed the motion to add Kaplan as a defendant, arguing that amendment would be futile because the claim against Kaplan would also be preempted by ERISA. Plaintiff argued that a claim against Kaplan would not be preempted by ERISA because Kaplan was not an agent of HomeView or Paul Revere, but an independent insurance broker.  ____________________ 1. HomeView made its own motion to dismiss some three months later, incorporating by reference Paul Revere's arguments in support. -4- 4 The district court adopted the magistrate's recommendation to grant the motion to dismiss the state law claims against HomeView and Paul Revere based on ERISA preemption. The district court went on to consider whether to adopt the magistrate's recommendation to deny plaintiff's motion to amend the complaint to add Kaplan as a defendant. Having already decided to dismiss the claims against Paul Revere and HomeView, the district court was faced with an anomalous situation. Plaintiff wished to add a defendant to a case which was being dismissed as to the two original defendants. In addition, the ERISA cause of action against Paul Revere and HomeView was pending in the same court but in a different action from the one in which the motion to amend was filed. The district court's ultimate decision to adopt the magistrate's recommendation to deny the motion to amend the complaint must be viewed in this practical and procedural context. Golas appeals only from the denial of the motion to amend the complaint to add Kaplan as a defendant and not from the dismissal of the underlying action on preemption grounds. Review is for abuse of discretion. Reid v. New Hampshire, 56 ____ _____________ F.3d 332, 342 (1st Cir. 1995); see also Carlo v. Reed Rolled ________ _____ ___________ Thread Die Co., 49 F.3d 790, 792 (1st Cir. 1995) (noting that ______________ the appeals court will "generally defer to a district court's decision to deny leave to amend where the reason is apparent -5- 5 or declared" (internal quotation marks and citation omitted)). It is well-settled, as the concurring opinion from our respected colleague points out, that, when a district court makes an error of law, by definition it abuses its discretion. However, that is not the issue that concerns us here. The facts and circumstances of the case necessarily influence our evaluation of the denial of the motion to amend the complaint, and here, they make it unnecessary to reach the ERISA preemption issue. We note that at the time the motion was denied, the two original defendants had been dismissed and there was no diversity jurisdiction over Kaplan.2 Furthermore, a parallel ERISA action was pending against HomeView and Paul Revere in  ____________________ 2. The concurrence argues that the ERISA issue must be reached because issues of jurisdiction must be addressed first and, in the absence of diversity, there is no other basis for federal jurisdiction. This is incorrect. We disagree with the premise that the court could not address the motion to amend without first addressing the ERISA issue. Second, even if the claim against Kaplan were not preempted by ERISA, the district court would have supplemental jurisdiction over the claim, because the other two state law claims had properly been before the district court. In any civil action over which the district courts have original jurisdiction, they also have supplemental jurisdiction over all other claims that form part of the same case or controversy. 28 U.S.C. 1367. The district court had jurisdiction over the state law claims against Paul Revere and HomeView under the complete preemption doctrine. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987). __________________________ ______ This is sufficient to confer original jurisdiction on the district courts. Franchise Tax Bd. v. Construction Laborers __________________ _____________________ Vacation Trust, 463 U.S. 1, 23-24 (1983); American ________________ ________ Policyholders Ins. Co. v. Nyacol Prods., Inc., 989 F.2d 1256, ______________________ ___________________ 1263 (1st Cir. 1993). -6- 6 federal court. Federal courts have traditionally been more reluctant to exercise jurisdiction over pendent parties than over pendent claims. See, e.g., Lykins v. Pointer, Inc., 725 ___ ____ ______ _____________ F.2d 645, 649 (11th Cir. 1984).3 Under these circumstances, the district court could not have abused its discretion when it denied plaintiff's motion to amend the complaint to add Kaplan as the sole defendant. Even if our review were de __ novo, as the concurrence suggests, we could affirm on any ____ legal ground supported in the record. See, e.g., Eagan v. ___ ____ _____ United States, 80 F.3d 13, 16 (1st Cir. 1996); Levy v. FDIC, ______________ ____ ____ 7 F.3d 1054, 1056 (1st Cir. 1993). We therefore uphold the denial of the motion to amend, albeit on different grounds than those relied on by the district court, and thus we express no opinion on the preemption issue. This opinion does not, as the concurrence claims, uphold the district court's preemption decision sub ___ silentio. Plaintiff may decide to attempt to add Kaplan as a ________ defendant in the pending ERISA action.4 The district court's  ____________________ 3. The codification of the supplemental jurisdiction doctrine in 1990, which makes clear that such jurisdiction includes the joinder of additional parties, 28 U.S.C.  1367(a), does not change the prudential analysis. 4. It is true that the three-year statute of limitations for a state law based fraudulent misrepresentation claim expired, at the very latest, in early 1996. However, to the extent that plaintiff has a viable state law claim (on which we express no opinion), the claim could apparently still be brought, within a year of the date of this opinion, pursuant to Mass. Gen. Laws ch. 260, 32. -7- 7 ruling that any claim against Kaplan would be preempted presents no bar. It has no precedential or issue preclusive effect. If a motion is made to add Kaplan to the ERISA action, the court will have the ability to consider the preemption issue anew in light of the facts that have been developed in discovery. Cf. Boston Children's Heart Found., ___ _______________________________ Inc. v. Nadal-Ginard, 73 F.3d 429, 439-40 (1st Cir. 1996) ____ ____________ (absent precedent on closely related issue, the inquiry as to whether state law is preempted requires the court to look at the facts of the particular case).5 The decision of the district court is affirmed. _________  ____________________ 5. At oral argument we were advised that there was discovery taken on the issue of whether Kaplan was an agent, either of HomeView or of Paul Revere. The proffered amended complaint is ambiguous on this issue, although the concurrence assumes that Kaplan was not an agent of either company. In Kaplan's deposition testimony attached to Golas' brief, Kaplan states that she held an employee benefits meeting for HomeView employees to explain the Paul Revere disability policy and an Aetna insurance policy that was also being offered to HomeView employees. This undermines Golas' argument that Kaplan was an independent broker. The facts may by now be established, but no findings are before us. However, if Kaplan was an agent of either of the two companies, the factual assumption underlying the concurrence is incorrect, and the resulting legal conclusions unjustified. Indeed, if Kaplan is an agent of HomeView, the case would fall squarely within the ambit of Vartanian v. Monsanto Co., 14 F.3d 697 _________ ____________ (1st Cir. 1994). -8- 8 BOWNES, Senior Circuit Judge, concurring. I concur BOWNES, Senior Circuit Judge, concurring. ____________________ in the result, but, with respect, I do not think that this case can be disposed of by the conclusory assertion that the district court did not abuse its discretion in denying plaintiff's motion to amend her complaint so as to add Ellen Kaplan as a defendant. In his report and recommendation, adopted by the district court, the magistrate judge stated the following reason for denying the motion to amend the complaint: I find that Plaintiff['s] attempt to add Ellen Kaplan as a party defendant and to assert against her a claim for misrepresentation would be futile because such a claim would be pre-empted by ERISA. It is clear that the district court's denial of the motion was not an exercise of discretion, but was compelled by its legal ruling that the claim against Kaplan would be pre-empted by ERISA. Accordingly, the district court's . denial of the motion is subject to review de novo, rather __ ____ than for abuse of discretion. See Carlo v. Reed Rolled ___ _____________________ Thread Die Co., 49 F.3d 790, 793 (1st Cir. 1995). The _______________ Supreme Court has stated unequivocally that "[a] district court by definition abuses its discretion when it makes an error of law." Koon v. United States, 116 S. Ct. 2035, 2047 ______________________ (1996) (citation omitted).  To be sure, in the ordinary case, the decision whether to grant or deny a motion to amend the complaint is -9- 9 discretionary with the trial court, and so is normally reviewed for abuse of discretion; but the case before us is not ordinary in this respect. Here it is clear that the motion was denied because of the magistrate's stated conclusion that the claim against Kaplan was pre-empted as a matter of law, and his unstated but apparent corollary conclusion that, as a result, he was deprived of discretion (by the doctrine of futility) to grant the motion.  Thus, the question before us is not whether the district court abused its discretion in denying plaintiff's motion to amend the complaint, but whether the basis for this ruling was legally correct. If the district court's ruling was erroneous, as I think it was, then the motion to amend was not "futile" and should not have been denied on that ground. As a consequence, the district court lacks jurisdiction to decide the merits of the state-law misrepresentation claim because, as the majority acknowledges inferentially, the only basis for federal jurisdiction is ERISA pre-emption. I do not think, therefore, that this appeal can be decided on a principled basis without discussing the scope of ERISA pre-emption.  The majority purports to "express no opinion on the preemption issue," and suggests that the plaintiff could still pursue her claim against Kaplan by seeking to amend her pending ERISA complaint so as to add Kaplan as a defendant. -10- 10 The majority fails to recognize, however, that the practical effect of its disposition of the case is to uphold the district court's pre-emption ruling sub silentio, and to ___ ________ leave the plaintiff with no recourse in any forum. A finding __ ___ of no pre-emption results in dismissal of the claim for lack of federal jurisdiction and leaves the plaintiff free to seek redress in state court. In contrast, the majority's refusal to address the merits of the district court's pre-emption ruling is not only analytically unsound, it also leaves the plaintiff exactly where she started -- with her state-court action subject to removal to federal court on the ground of pre-emption and with pre-emption as a bar to recourse in federal court.  For the reasons that follow, I conclude that ERISA does not pre-empt plaintiff's misrepresentation claim against Kaplan and that, therefore, the proper disposition of this case would be to deny plaintiff's motion for lack of federal jurisdiction over the purported state-law claim, leaving the plaintiff free to pursue the claim in the state court.6  I. I. I start my analysis with the key words of the statute bearing on pre-emption: Except as provided in subsection (b) of this section, the provisions of this  ____________________ 6. I, of course, intimate no opinion as to the merits of plaintiff's state-law claim. -11- 11 subchapter and subchapter III of this chapter shall supersede any and all State _________________________________ laws insofar as they may now or hereafter _________________________________________ relate to any employee benefit plan _________________________________________ . . . .  29 U.S.C. 1144(a) (emphasis added). For purposes of this section: (1) The term "State law" includes all laws, decisions, rules, regulations, or other State action having the effect of law, of any State. 29 U.S.C. 1144(c)(1). The Supreme Court teaches that the pre-emption provision of 514(a), codified at 29 U.S.C. 1144(a), was intended to ensure that plans and plan sponsors would be subject to a uniform body of benefits law; the goal was to minimize the administrative and financial burden of complying with conflicting directives among States or between States and the Federal Government. Otherwise, the inefficiencies created could work to the detriment of plan beneficiaries. . . . Particularly disruptive is the potential for conflict in substantive law. It is foreseeable that state courts, exercising their common law powers, might develop different substantive standards applicable to the same employer conduct, requiring the tailoring of plans and employer conduct to the peculiarities of the law of each jurisdiction. Such an outcome is fundamentally at odds with the goal of uniformity that Congress sought to implement.  Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 142 (1990) _________________________________ (citations omitted).  -12- 12 In concluding that plaintiff's misrepresentation claims were pre-empted, the magistrate judge relied on Carlo _____ v. Reed Rolled Thread Die Co., 49 F.3d 790. In Carlo we _______________________________ _____ stated  -13- 13 the ERISA pre-emption doctrine as follows: Section 514 of ERISA supersedes "any and all State laws insofar as they may now or hereafter relate to any employee ______ __ benefit plan. . . ." 29 U.S.C. 1144(a) (emphasis added). "The term 'State Law' includes all laws, decisions, rules, regulations, or other State action having the effect of law, of any State." 29 U.S.C. 1144(c)(1). The Supreme Court has established that "a law 'relates to' an employee benefit plan . . . if it has a connection with or reference to such a plan." Ingersoll-Rand Co. v. McClendon, ________________________________ 498 U.S. 133, 139, 111 S. Ct. 478, 483, 112 L. Ed. 2d 474 (1990) (quoting Shaw v. _______ Delta Air Lines, Inc., 463 U.S. 85, 96- ______________________ 97, 103 S. Ct. 2890, 2900, 77 L. Ed. 2d 490 (1983)). "Under this 'broad common- sense meaning,' a state law may 'relate to' a benefit plan, and thereby be pre- empted, even if the law is not specifically designed to affect such plans, or the effect is only indirect." Id. (quoting Pilot Life Ins. Co. v. ___ __________________________ Dedeaux, 481 U.S. 41, 47, 107 S. Ct. _______ 1549, 1553, 95 L. Ed. 2d 39 (1987)). Id. at 793 (footnote omitted). ___ Carlo, a leading case in this circuit on ERISA pre- _____ emption, see Degnan v. Publicker Indus., Inc., 83 F.3d 27, 29 ___ ________________________________ (1st Cir. 1996), held that ERISA pre-empted the state-law misrepresentation claims because they had "a connection with or reference to" an employee benefit plan. Carlo, 49 F.3d at _____ 794-95. But we have never held that Carlo sweeps all state- _____ law misrepresentation claims into the ERISA corner merely because an employee benefit plan exists. -14- 14 In Boston Children's Heart Found., Inc. v. Nadal- ________________________________________________ Ginard, 73 F.3d 429 (1st Cir. 1996), we reviewed ERISA pre- ______ emption cases, including Carlo, and concluded: _____ State laws that have merely a "tenuous, remote, or peripheral connection with a covered benefit plan" may not be preempted by ERISA. Rosario- ________ Cordero v. Crowley Towing & Transp. Co., ________________________________________ 46 F.3d [120,] 123 [1st Cir. 1995] (citation and internal quotation marks omitted). Such is normally the case with respect to laws of general applicability. See District of Columbia v. Greater ___ ____________________________________ Washington Board of Trade, 506 U.S. at ___________________________ 130 n.1, 113 S. Ct. at 583 n.1; Rosario- ________ Cordero v. Crowley Towing & Transp. Co., ________________________________________ 46 F.3d at 123; Combined Mgt., Inc. v. _______________________ Superintendent of the Bureau of _________________________________________ Insurance, 22 F.3d 1, 3 (1st Cir.), cert. _________ _____ denied,, ___ U.S. ___, 115 S. Ct. 350, _______ 130 L. Ed. 2d 306 (1994). A court cannot conclude that a state law is one of general applicability, and as such is not preempted by ERISA, based on the form or label of the law, however. See Carlo v. ___ ________ Reed Rolled Thread Die Co., 49 F.3d at ___________________________ 794 n.3; Zuniga v. Blue Cross and Blue _______________________________ Shield of Michigan, 52 F.3d 1395, 1401 ___________________ (6th Cir. 1995). Absent precedent on a closely related problem, the inquiry into whether a state law "relates to" an ERISA plan or is merely "tenuous, remote, or peripheral" requires a court to look at the facts of [sic] particular case. See ___ Rosario-Cordero v. Crowley Towing & _________________________________________ Transp. Co., 46 F.3d at 125 n.2. ___________ Boston Children's Heart Found., 73 F.3d at 439-40. ______________________________ In Johnson v. Watts Regulator Co., 63 F.3d 1129 ________________________________ (1st Cir. 1995), we pointed out the consequences that may flow from ERISA pre-emption: It "may cause potential state- law remedies to vanish, or may change the standard of review, -15- 15 or may affect the admissibility of evidence, or may determine whether a jury trial is available." Id. at 1131-32 ___ (citations omitted). A recent Supreme Court decision has a direct bearing on the scope of ERISA pre-emption. In New York State ______________ Conference of Blue Cross & Blue Shield Plans v. Travelers _____________________________________________________________ Ins. Co., 115 S. Ct. 1671 (1995), several commercial _________ insurers, acting as fiduciaries of ERISA plans they administered, joined with their trade associations and "[o]n the claimed authority of ERISA's general preemption provision" brought actions in the United States District Court against state officials to invalidate three hospital surcharge statutes. Id. at 1675. Writing for a unanimous ___ Court, Justice Souter made a number of observations on the scope of ERISA pre-emption: Our past cases have recognized that the Supremacy Clause, U.S. Const., Art. VI, may entail pre-emption of state law either by express provision, by implication, or by a conflict between federal and state law. And yet, despite the variety of these opportunities for federal preeminence, we have never assumed lightly that Congress has derogated state regulation, but instead have addressed claims of pre-emption with the starting presumption that Congress does not intend to supplant state law. Indeed, in cases like this one, where federal law is said to bar state action in fields of traditional state regulation, we have worked on the assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that -16- 16 was the clear and manifest purpose of Congress. Id. at 1676 (citations and internal quotation marks omitted). ___ The Court commented on the statutory pre-emption language of 514(a), "all state laws insofar as they . . . relate to any employee benefit plan," pointing out that "[i]f 'relate to' were taken to extend to the furthest stretch of its indeterminacy, then for all practical purposes pre-emption would never run its course." Id. at 1677. The Court ___ concluded: We simply must go beyond the unhelpful text and the frustrating difficulty of defining its key term, and look instead to the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive. Id. ___ The Court, in the course of its analysis, stated: Indeed, to read the pre-emption provision as displacing all state laws affecting costs and charges on the theory that they indirectly relate to ERISA plans that purchase insurance policies or HMO memberships that would cover such services, would effectively read the limiting language in 514(a) out of the statute, a conclusion that would violate basic principles of statutory interpretation and could not be squared with our prior pronouncement that [p]reemption does not occur . . . if the state law has only a tenuous, remote, or peripheral connection with covered plans, as is the case with many laws of general applicability. -17- 17 Id. at 1679-80 (citation and internal quotation marks ___ omitted) (alteration in original). In discussing the sweep of ERISA pre-emption the Travelers Court pointed to three categories of state laws _________ that Congress intended to pre-empt: first, "state laws that mandate[] employee benefit structures or their administration," id. at 1678; second, "state laws providing ___ alternate enforcement mechanisms," id.; third, state laws ___ that bind plan administrators to a "particular choice and thus function as a regulation of an ERISA plan itself," id. ___ at 1679. See also Coyne & Delaney Co. v. Selman, 98 F.3d ___ ____ _______________________________ 1457, 1468-69 (4th Cir. 1996). It is obvious that none of these state-law categories are implicated here. The Court held that the New York statutory surcharges had only "an indirect economic effect on choices made by insurance buyers, including ERISA plans" and, therefore, there was no pre-emption. Travelers at 1679-80. _________ Two other observations about Travelers must be _________ made. First, it was decided seven weeks after Carlo. This _____ _____ means, of course, that the Carlo panel did not have the _____ benefit of the Court's latest views on ERISA pre-emption. Second, none of the ERISA pre-emption cases decided in this circuit subsequent to Travelers have cited it. _________ I now turn to post-Travelers decisions by other _________ circuits. In a case the Fourth Circuit described as a -18- 18 "garden-variety professional malpractice claim" the court held: In light of the Supreme Court's recent (and narrowing) interpretation of the scope of ERISA preemption in New York ________ State Conference of Blue Cross & Blue _________________________________________ Shield Plans v. Travelers, --- U.S. ---, _________________________ 115 S. Ct. 1671, 131 L. Ed. 2d 695 (1995), we hold that Delany's malpractice claim is not preempted because it does not "relate to" an employee benefit plan within the meaning of ERISA's preemption provision, 29 U.S.C. 1144(a).  Coyne & Delany Co., 98 F.3d at 1466-67. Quoting Travelers ___________________ _________ for the proposition that courts "'address claims of preemption with the starting presumption that Congress does not intend to supplant state law,'" 98 F.3d at 1467 (citations omitted), the Fourth Circuit added, "[t]his is especially true in cases involving fields of traditional state regulation, including common law tort liability," id. __ In the course of its opinion the Fourth Circuit noted that plaintiff's malpractice claim was "not aimed at a plan administrator at all since the defendants [were] sued in their capacities as insurance professionals for actions taken in that capacity." Id. at 1471. This case is analogous to ___ the one before us. Morstein v. National Ins. Servs., Inc., 93 F.3d 715 ______________________________________ (11th Cir. 1996) (en banc), cert. denied, 1996 WL 693349 __ ____ _____ ______ (U.S. Jan. 21, 1997) (No. 96-764), is even more closely analogous to the case at bar. Plaintiff Morstein was -19- 19 president, director, and sole stockholder of a small company. She met with an insurance broker for the purpose of obtaining a replacement policy of major medical insurance for herself and the company's other employee. The policy was to be administered by National Insurance Services, Inc. At the meeting with the broker, plaintiff informed him that any replacement policy would be unacceptable if it excluded from coverage treatment related to any preexisting medical condition. Plaintiff alleged that the broker assured her that the replacement policy would provide the same coverage as her existing policy. Over a year after the replacement policy was issued, plaintiff had total hip replacement surgery. National Insurance Services refused to pay her claim for payment on the ground that the surgery was for a preexisting condition which plaintiff had not disclosed on her application. 93 F.3d at 716-17. Plaintiff filed an action in state court alleging negligence, malfeasance, misrepresentations, and breach of contract. Defendants removed the case to federal court on the basis of ERISA pre-emption. Id. at 717. ___ In Morstein, the Eleventh Circuit, sitting en banc, ________ __ ____ characterized the Supreme Court's decision in Travelers as _________ having "essentially turned the tide on the expansion of pre- emption doctrine." Id. at 721. The holding of the Eleventh ___ Circuit bears quoting: -20- 20 Allowing preemption of a fraud claim against an individual insurance agent will not serve Congress's purpose for ERISA. As we have discussed, Congress enacted ERISA to protect the interests of employees and other beneficiaries of employee benefit plans. To immunize insurance agents from personal liability for fraudulent misrepresentation regarding ERISA plans would not promote this objective. If ERISA preempts a beneficiary's potential cause of action for misrepresentation, employees, beneficiaries, and employers choosing among various plans will no longer be able to rely on the representations of the insurance agent regarding the terms of the plan. These employees, whom Congress sought to protect, will find themselves unable to make informed choices regarding available benefit plans where state law places the duty on agents to deal honestly with applicants. Id. at 723-24 (citation omitted). ___ In Central States, Southeast and Southwest Areas _______________________________________________ Health and Welfare Fund v. Pathology Lab. of Ark., P.A., 71 _________________________________________________________ F.3d 1251, 1253 (7th Cir. 1995), cert. denied, 116 S. Ct. _____ ______ 1876 (1996), the Seventh Circuit, citing Travelers, held:  _________ Nothing in ERISA prevents medical professionals from submitting--and state courts from enforcing--bills for services that are not covered by welfare benefit plans. Although ERISA preempts state law that "relates to" plans, 29 U.S.C.  1144(a), that clause does not annul state laws of general applicability just because they affect the price of medical care. In Boyle v. Anderson, 68 F.3d 1093 (8th Cir. 1995), _________________ cert. denied, 116 S. Ct. 1266 (1996), a case involving a _____ ______ challenge to certain provisions of a Minnesota health care -21- 21 reform statute known as MinnesotaCare, the court relied on Travelers in holding that there was no ERISA pre-emption, _________ stating, "In the context of the MinnesotaCare legislation, Travelers and the other precedents cited in this litigation _________ compel this court not to preempt a state's effort to serve as a 'laboratory of democracy' in the realm of health care." Id. at 1109. ___ The Seventh Circuit also relied on Travelers in _________ rejecting an ERISA pre-emption claim in Safeco Life Ins. Co. ____________________ v. Musser, 65 F.3d 647 (7th Cir. 1995). The case was brought _________ by a health insurer who challenged the fees assessed against such insurers to provide health insurance to individuals whose physical and mental conditions prevented them from obtaining insurance in the private market. In a similar case, the Second Circuit, relying on Travelers, inter alia, _________ _____ ____ held that ERISA did not pre-empt a Connecticut statute that imposed surcharges on hospital bills of patients with private health insurance to subsidize medical care for the poor. Connecticut Hosp. Ass'n v. Weltman, 66 F.3d 413 (2d Cir. _____________________________________ 1995). See also Greenblatt v. Delta Plumbing & Heating ___ ____ __________________________________________ Corp., 68 F.3d 561, 573-74 (2d Cir. 1995) (noting the _____ limiting gloss put on the broad language of 514(a) of ERISA by Travelers). _________ As these cases recognize, Travelers has restricted _________ the scope of ERISA pre-emption. -22- 22 II. II. I turn now to what I consider to be the sole issue before the panel: whether the district court erred in ruling that ERISA pre-emption rendered "futile" plaintiff's motion to amend her complaint to add Ellen Kaplan as a defendant. The question of ERISA pre-emption is reviewed de novo. See __ ____ ___ Degnan v. Publicker Indus., Inc., 83 F.3d at 28-29. I ___________________________________ recognize that the standard of review for a district court's refusal to allow an amendment to the complaint is abuse of discretion. This standard is not applicable here, however, because the root issue -- stated by the district court as the basis for its decision -- is ERISA pre-emption, a question of law. See Carlo v. Reed Rolled Thread Die Co., 49 F.3d at ___ _____________________________________ 792-93. Moreover, if there is no pre-emption, the federal courts are bereft of jurisdiction. Thus, in my view, there is no way of avoiding the pre-emption issue. Normally in a pre-emption case the starting point is an examination of the facts, but there is not much in the way of facts here. All we know is derived from the allegations in the purported amended complaint, which must be accepted as true at this stage of the litigation. These allegations can only be construed as stating that Kaplan made misrepresentations to plaintiff's husband, Donald Golas, and/or failed to give him correct information about the conditions of eligibility for participation in the Revere -23- 23 Insurance policy. The amended complaint alleges that Kaplan was an insurance broker. I take that to mean that she "sold" Revere's insurance policy to HomeView. Although Kaplan is linked to HomeView and Revere as to the alleged misrepresentations, there is no claim that Kaplan acted as agent for or on behalf of either or both of the other two defendants. The amended complaint, broadly construed, alleges a common-law misrepresentation claim against Kaplan individually. Strictly speaking, the ERISA disability insurance plan is not implicated in plaintiff's misrepresentation claim. Donald Golas never became a covered employee; instead, the complaint focuses on the alleged misrepresentations which plaintiff alleges were the cause of Golas's being excluded from insurance coverage. Neither the extent of insurance coverage nor the amount of benefits is involved. Even the eligibility requirements themselves are not in dispute; it is only the alleged misrepresentations about those eligibility requirements that give rise to plaintiff's cause of action. Plaintiff's burden of proof thus goes to whether her husband would have been eligible to join the plan if Kaplan had not made misrepresentations as to his eligibility. See Coyne & Delaney Co., 98 F.3d at 1462 ___ ____________________ n.4. -24- 24 This case is markedly different from Carlo, 49 F.3d _____ 790. In Carlo, the plaintiff was a former employee of _____ defendant Reed and a participant in its retirement plan. Plaintiff Carlo elected early retirement on the basis of monthly benefits he was told he would receive. The actual monthly benefits he received were twenty percent less than the amount promised him. Defendant apologized for the error and offered to let him continue working at the same position. Carlo did not accept the offer and took early retirement under protest. He subsequently brought suit in Massachusetts state court for breach of contract and negligent misrepresentation. Id. at 792. We found ERISA pre-emption. ___ In Carlo, plaintiff had been a participant in the _____ plan and one of the issues was the amount of monthly retirement pay due him under the substantive provisions of the plan. Here, by contrast, Donald Golas was not a covered employee and none of the issues implicate the substantive provisions of the insurance plan. The allegations are solely concerned with misrepresentations regarding Golas's eligibility to become a covered employee. The analysis used in Boston Children's Heart Found. ______________________________ v. Nadal-Ginard has much to recommend it. In Boston ________________ ______ Children's Heart Found., 73 F.3d 429, suit was brought in ________________________ federal district court against defendant, who worked for -25- 25 plaintiff nonprofit corporation as an officer and director. The suit alleged that defendant breached his fiduciary duty by misappropriating plaintiff's funds. The basis of the suit was defendant's failure to disclose to the other directors of the corporation important information concerning provisions of a severance-benefit plan (the Banks Plan) he had devised. When the plan was terminated on defendant's initiative, he received more than $4,000,000 in severance benefits. On appeal defendant contended that ERISA specifically exempted the type of severance benefits plan at issue from its fiduciary duty provisions and pre-empted the application of state fiduciary law. 73 F.3d at 438. We held: Here, the alleged breach of fiduciary duty relates to Nadal-Ginard's action in establishing the Banks Plan without disclosing information that a self- interested fiduciary would be required to reveal to his fellow directors. Nadal- Ginard's misconduct preceded the formal adoption of the plan. The legal determination that Nadal-Ginard's conduct constitutes a fiduciary breach does not require the resolution of any dispute about the interpretation or administration of the plan. Further, the ____________ application of state law in this instance _________________________________________ does not raise the core concern _________________________________________ underlying ERISA preemption. Indeed, the ___________________________ fact that Nadal-Ginard chose an ERISA plan rather than some other form of compensation is peripheral to the underlying claim that Nadal-Ginard breached his corporate responsibilities. This being the case, it cannot be said that Massachusetts fiduciary law must be preempted in this instance.  -26- 26 Id. at 440 (emphasis added).  ___ Based upon our own circuit cases, the restriction of the scope of pre-emption under 514(a) of the statute established in Travelers, and the post-Travelers cases in _________ _________ other circuits, it is evident that ERISA does not pre-empt the misrepresentation claim against Ellen Kaplan. There are eight reasons, gleaned from the cited cases, for this conclusion. (1) No ERISA benefits are sought and no ERISA rights or obligations are asserted. (2) Defendant Kaplan would be personally responsible for any money damages awarded to plaintiff. (3) Defendant Kaplan is not an ERISA entity, nor does the alleged misrepresentation claim affect the relationship between ERISA entities. (4) None of the three categories of state laws that Travelers holds Congress _________ intended to pre-empt are implicated. (5) The common-law claim of misrepresentation is a state law of general application. Moreover, tort law in general is traditionally an area of state regulation. It is therefore unlikely that Congress intended to intrude into this area by pre-emption. (6) Congress did not intend to shield tortfeasors from liability for misrepresentation where ERISA benefits, rights, obligations, and core concerns are not implicated. (7) State common law imposes a duty of care relative to representations made by insurance professionals which does not in any way depend upon ERISA. (8) The alleged misrepresentation -27- 27 occurred prior to the time when the ERISA plan would have taken effect. I would hold, therefore, that the district court committed reversible error in denying plaintiff's motion to amend on the ground that the claim raised therein "would be pre-empted by ERISA."7 Because ERISA does not pre-empt the claim asserted against Ellen Kaplan, and because there is no diversity of citizenship between the parties, nor any other basis for federal jurisdiction, the motion should have been denied for lack of federal jurisdiction. Plaintiff should be left to pursue her misrepresentation claim against Kaplan in the Massachusetts state courts.  Although the majority and I agree on the ultimate result, we disagree as to the proper path to take in reaching it. Because I think that this is a case in which the procedural path is important, I must respectfully concur, rather than join the majority opinion.  ____________________ 7. I would also hold that the district court erred in adopting the magistrate's recommendation, without considering the application of ERISA to Kaplan as an individual, in light of the differences between her status vis-a-vis ERISA and that of the other defendants. Instead, the magistrate merely said, "For the reason stated . . . [regarding Paul Revere and HomeView] . . .," plaintiff's claim against Kaplan would also "be pre-empted by ERISA." He simply assumed that, if ERISA pre-empted the claim against Revere and HomeView, it must likewise pre-empt the claim against Kaplan. Given the distinctions between Kaplan's status as an ERISA entity and that of the other defendants, this failure to consider the claim against Kaplan on its own merit also constituted legal error. -28- 28