Desrochers v. Manchester Body          CV-94-604-SD  03/24/97

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


Anthony Desrochers;
Vicki Desrochers


       v.                            Civil No. 94-604-SD


Manchester Body & Fender, Inc., et al


                    O R D E R

     This civil action, removed from state court, arises out of
the failure of defendants to provide plaintiffs' dependent
daughter with health insurance coverage when she became seriously
ill.  The court has previously ruled that all of plaintiffs'
state law claims (negligence, breach of fiduciary duty, and
misrepresentation) are preempted by the Employee Retirement
Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, et seq.
See Order of December 21, 1995.  Thus, the amended complaint
currently has one viable count under ERISA.

     Presently before the court is defendant Anthony Cilwa's
motion to dismiss (document 74), to which plaintiffs object.  As
both sides rely on matters outside the pleadings, the court
herewith converts defendant's motion to a motion for summary
judgment.  See Rule 12(b), Fed. R. Civ. P.  This decision should

not represent an unfair surprise to either side--plaintiffs'
objection expressly requests that defendant's motion be so
treated.

Background[1]

Until May 1994, plaintiff Anthony Desrochers was
employed by defendant Manchester Body & Fender (MB&F) as a
painter and body specialist, working in that capacity under the
direct supervision of defendant Thomas Redburn. While so
employed by MB&F, plaintiff participated in the health insurance
plan offered through the Travelers Insurance Company.

In or about June 1991, a Request for Group Insurance--Health
Statement and Employment Card was submitted to Travelers
purportedly on behalf of the Desrochers. Said card, subscribed
by the alleged forged signatures of both Anthony and Vicki
Desrochers, indicated a preference on their part to not include
their daughter Laura as a beneficiary under the plan.

Some time subsequent to the submission of the insurance
paperwork to Travelers, Laura Desrochers was hospitalized and
ultimately diagnosed as having pulmonic stenosis, patent foramen

---

[1]This Background section has been taken verbatim from a
previous order and is included solely to orient the reader as to
some of the relevant alleged facts. See Order of December 21,
1995.

2

ovale.[2]  As a result of this initial hospitalization, plaintiffs became apprised of the fact that, unbeknownst to them, their daughter was indeed not covered under the medical insurance policy issued by Travelers.  Plaintiffs maintain they neither signed the insurance card nor ever indicated in any way to any of the defendants a desire on their part to exclude their daughter from their medical insurance coverage.

Consequently, plaintiffs have both incurred a vast amount of medical bills and, due to what is now a pre-existing condition, are unable to obtain alternate insurance coverage for their daughter.  The amended four-count complaint filed in this court seeks equitable relief in the form of policy coverage, both past and future, as well as compensatory relief for, inter alia, past medical bills and expenses.

### Discussion

#### 1.  Summary Judgment Standard

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law.  Rule 56(c), Fed. R. Civ. P.; Lehman v. Prudential Ins. Co. of Am., 74 F.3d 323, 327 (1st Cir. 1996).  Since the purpose of summary judgment is issue finding, not issue

---

[2]A pulmonary stenosis is described as a "narrowing of the opening between the pulmonary artery and the right ventricle, usually at the level of the valve leaflets."  DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 1576 (28th ed. 1994).

3

determination, the court's function at this stage "'is not [] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" Stone & Michaud Ins., Inc. v. Bank Five for Savings, 785 F. Supp. 1065, 1068 (D.N.H. 1992) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)).

When the non-moving party bears the burden of persuasion at trial, to avoid summary judgment he must make a "showing sufficient to establish the existence of [the] element[s] essential to [his] case." Celotex Corp. v. Catrett,, 477 U.S. 317, 322-23 (1986). It is not sufficient to "'rest upon mere allegation[s] or denials of his pleading.'" LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 841 (1st Cir. 1993) (quoting Anderson, supra, 477 U.S. at 256), cert. denied, ___ U.S. ___, 114 S. Ct. 1398 (1994). Rather, to establish a trial-worthy issue, there must be enough competent evidence "to enable a finding favorable to the non-moving party." Id. at 842 (citations omitted).

In determining whether summary judgment is appropriate, the court construes the evidence and draws all justifiable inferences in the non-moving party's favor. Anderson, supra, 477 U.S. at 255. Nevertheless, "[e]ven in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the non-moving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st

4

Cir. 1990) (citations omitted).


2.  The Merits

Defendant Cilwa argues in his pro se motion that plaintiffs' ERISA claim is flawed because they lack evidence that could support the conclusion that his conduct was the cause of their harm.  He argues that defendant Travelers declined to cover plaintiffs' daughter under the group plan because it determined that, given her history, she represented an unacceptable level of risk.  To support his position, Cilwa submits a letter of declination sent to plaintiffs by Consolidated Group Trust, the health plan administrator.  From this letter, Cilwa asks that the court infer that plaintiffs were not harmed by any conduct of his in failing to properly obtain insurance on behalf of plaintiffs' daughter.

Plaintiffs respond by submitting excerpts from Cilwa's deposition testimony in which he admits that he knew that the Desrochers wanted coverage for their daughter.  He also testified that he neglected to recognize mistakes in the Desrochers' insurance application with respect to information relating to their "coverage request" and "dependent information."  See Deposition of Anthony Cilwa at 48, 55-56 (attached to plaintiffs' objection).  The record also reveals that the plaintiffs' daughter was not declined coverage until after she became ill and had received health care.  Under these circumstances, a

5

reasonable jury could find that Cilwa's failure to file a timely and accurate request for health coverage caused plaintiffs to learn about the denial when it was too late for them to find alternative means of coverage. Therefore, the court finds and rules that genuine issues of fact exist concerning the causation issue raised by Cilwa.

Similarly, after reviewing the excerpts of Cilwa's deposition testimony submitted by plaintiffs, the court finds and rules that genuine issues of fact remain regarding whether Cilwa acted as the agent of Travelers.

Ordinarily, this would end the court's analysis, but some caveats are in order here. The court has only answered the narrow questions placed before it by the parties--issues that have been abstracted from the other elements necessary to sustain plaintiffs' ERISA claim. This order does not address two rather important issues. First, the court has not reassessed its earlier decision, which found that plaintiffs' state law claims were preempted by ERISA because they "related to" an employee benefit plan. Since the court's previous order, several changes in ERISA jurisprudence have occurred, suggesting that the court should have taken a less expansive view of the scope of ERISA preemption. See, e.g., California Div. of Labor Standards Enforcement v. Dillingham Constr., N.A., Inc., ___ U.S. ___, 117 S. Ct. 832, 838 (1997); New York State Conference of Blue Cross and Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, ___,

6

115 S. Ct. 1671, 1677 (1995); <u>Burgio & Campofelice, Inc. v. New York State Dep't of Labor</u>, ___ F.3d ___, ___, 1997 WL 89191 (2d Cir. Mar. 4, 1997); <u>Golas v. Homeview, Inc.</u>, 106 F.3d 1, 4-10 (1st Cir. 1997) (Bownes, J., concurring). <u>Cf.</u> <u>Morstein v. National Ins. Servs.</u>, 93 F.3d 715 (11th Cir. 1996) (holding, in light of <u>New York Blues</u>, that ERISA did not preempt plaintiff's state law tort claims against independent insurance agent and insurer), <u>cert. denied</u>, 117 S. Ct. 769 (1997). However, the parties have not asked that the court reconsider its previous order in light of this new precedent. In addition, as the issue of ERISA preemption is complicated, the question is not so easily answered by the court that it believes it can amend its prior order sua sponte. It also should be noted that were the court to address the question at this late date, the parties would be significantly prejudiced, as the eve of trial is fast approaching. Accordingly, the court expresses no opinion at this point on the effect of the new precedent.

The second issue deserving brief mention concerns defendant Cilwa's status as a fiduciary. In his pro se motion, Cilwa states in conclusory fashion that he did not participate in the decision to decline coverage for plaintiffs' daughter. <u>See</u> Cilwa's motion ¶ 9. He states only that he played a part in the application process. However, Cilwa cites no law and does not explain how these facts are legally relevant. Perhaps Cilwa is arguing that he is not a "fiduciary" as that term is defined in

ERISA, and therefore cannot be personally liable under ERISA. But Cilwa neglects even to mention the word "fiduciary" or to set forth how the term is defined under ERISA. This may well be a situation where the lack of an attorney's assistance has precluded Cilwa from making a legitimate argument. Nonetheless, given the scantiness of Cilwa's argumentation, the court is unable to rule on the merits of this issue.

## Conclusion

For the reasons stated above, the court denies defendant Cilwa's motion for summary judgment (document 74).

**SO ORDERED.**

_____
Shane Devine, Senior Judge
United States District Court

March 24, 1997

cc:    Peter G. McGrath, Esq.
       H. Jonathan Meyer, Esq.
       Anthony Cilwa, pro se
       Edward P. O'Leary, Esq.

8