ESTATE OF Donald M. GOLAS, Plaintiff,

v.

**PAUL REVERE INSURANCE GROUP, and HomeView Inc., Defendants.**

Civ. A. No. 95–40001–NMG.

United States District Court, D. Massachusetts.

Oct. 3, 1997.

John J. Weltman, Lawson & Weitzen, Boston, MA, for Plaintiff.

Joan O. Vorster, Joseph M. Hamilton, Mirick, O'Connell, DeMallie & Lougee, Worcester, MA, for Defendant.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Plaintiff, the Estate of Donald Golas, seeks to recover benefits allegedly due to it pursuant to a long-term disability policy issued by The Paul Revere Life Insurance Company ("Paul Revere") pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA"). Pending before this Court is plaintiff's motion to amend the complaint to add a claim against the plan administrator, Ellen Kaplan ("Ms. Kaplan") for misrepresentation.

### I. *Background*

In August 1992, Donald Golas obtained a disability insurance policy through his employer, HomeView Inc. ("HomeView"). One month later he was diagnosed with bone cancer and sought disability benefits. His request was denied as being related to a preexisting condition for which he sought treatment during the enrollment period.

After Mr. Golas's death, his widow, Charlene Tagan Golas ("Mrs. Golas"), brought suit in Massachusetts state court individually and as Executrix of her late husband's estate ("the Estate") against Paul Revere and HomeView based upon state law misrepresentation theories. In the same dual capacity, Mrs. Golas simultaneously brought suit in federal court against the same defendants under ERISA for benefits allegedly due pursuant to the disability policy. Defendants removed the state law suit to federal court on the grounds that those claims were governed by ERISA. The cases were not consolidated.

Mrs. Golas moved to amend the state law complaint to add Ms. Kaplan as a defendant asserting that she had made misrepresentations concerning the disability policy upon which Mr. Golas relied. This Court dismissed the state law claims as preempted by ERISA and denied the motion to amend the complaint on the grounds that the amendment would be futile because the claim against Ms. Kaplan would also be preempted by ERISA.

On appeal, the United States Court of Appeals for the First Circuit affirmed this Court's denial of the motion to amend, but on different grounds. *Golas v. HomeView Inc.,* 106 F.3d 1, 3 (1st Cir.1997). Claims against the original two defendants had been dismissed and there was no diversity jurisdiction over Ms. Kaplan. *Id.* The First Circuit held that it was not, therefore, an abuse of discretion to refuse to exercise jurisdiction over a pendant party as the sole defendant, but expressed no opinion with respect to the preemption issue. *Id.*[1]

---

1. In light of the decision reached herein, this Court deems it unnecessary to address the preemption question further.

Mrs. Golas subsequently filed this motion to the amend the complaint in the ERISA case to add a claim against Ms. Kaplan for misrepresentation.

## II. *Analysis*

 Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend pleadings "shall be freely given when justice so requires." If the movant has at least colorable grounds for relief, justice requires allowing amendments unless the movant is guilty of undue delay or bad faith, or if permission to amend would unduly prejudice the opposing party. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). *See also Jackson v. Salon,* 614 F.2d 15, 17 (1st Cir.1980); *CBS Inc. v. Ahern,* 108 F.R.D. 14, 18 (S.D.N.Y.1985).

Where the moving party seeks to add new legal claims, most courts have interpreted the "colorable grounds" requirement as mandating an inquiry comparable to a Fed. R.Civ.P. 12(b)(6) inquiry. *Ahern,* 108 F.R.D. at 18. *See also Verhein v. South Bend Lathe, Inc.,* 598 F.2d 1061, 1063 (7th Cir. 1979).

The standard for dismissal under Rule 12(b)(6) is stringent. A complaint should not be dismissed for failure to state a claim unless, after construing the facts in the plaintiff's favor, it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

 Mrs. Golas seeks to amend her complaint to recover damages sustained by the Estate as a result of alleged misrepresentations made by Ms. Kaplan to Mr. Golas. Under Massachusetts law, claims for misrepresentation made to an individual during his lifetime do not survive the victim's death. M.G.L. c. 228 § 1; *Rockwell v. Furness,* 215 Mass. 557, 558, 102 N.E. 914 (1913). Furthermore, Mrs. Golas has not alleged any facts which would allow her to recover in her individual capacity. She does not allege that Ms. Kaplan made any misrepresentations to her, that she relied to her detriment on any misrepresentations or that she was directly damaged as a result of a misrepresentation. Mrs. Golas has, therefore, failed to state a claim for misrepresentation upon which relief can be granted.

In addition, this ERISA case has been pending since December, 1994. The deadline for discovery has expired. Adding a new claim and a new defendant will unnecessarily delay the resolution of the pending ERISA claims. Because amendment would cause undue delay and the Estate lacks colorable grounds for relief, the proposed amendment would be futile. This Court will, therefore, deny plaintiff's motion.

## ORDER

For the forgoing reasons, plaintiff's motion to amend the complaint is **DENIED**.

So ordered.